PAUL and others, Appellants, vs. TOWN OF GREENFIELD and another, Respondents.

*September 16—October 14, 1930.*

258

*Harold H. Paul* of Milwaukee, for the appellants.
*Gilbert J. Davelaar* of Milwaukee, for the respondents.

FOWLER, J.   The appellants sum up their contentions that the tax is void because:   (1) There is no statutory authorization to limit a tax levy to an unincorporated village. (2) If the terms of the statute be construed as authorizing such a tax they violate (a) the state constitutional provision for uniformity of town government; (b) the state con-

stitutional provision for uniformity of taxation; (c) the due-process clause of the United States constitution.

(1) Taxes may not be levied except pursuant to statutory authority. The crucial point here is whether the statutes confer authority to levy such a tax as is involved upon only such property as is within an unincorporated village.

The statutes cited in his brief by respondents' counsel as authorizing the tax are (a) ch. 292, Laws of 1883, standing in the Statutes of 1929 as sec. 60.29 (13), giving town boards the power to exercise the powers relating to villages conferred by statutes on village boards when authorized thereto by resolution of the town meeting; (b) an act of 1901 incorporated in the statutes as sec. 70.23, requiring assessors to enter upon the assessment rolls in a separate part of the roll the lands in the limits of unincorporated villages when these limits have been designated by the town board, and in sec. 70.65 requiring the town clerk to so enter such lands separately in the tax roll; (c) an act of 1913 stated to be sec. 60.29 (6), empowering town boards to designate and cause to be recorded by the town clerk the boundaries of unincorporated villages; (d) an act of 1919 stated to be sec. 60.29 (13), expressly declaring town boards may exercise the power of village boards when directed thereto by the town meeting; (e) sec. 62.06 (1), defining an unincorporated village as one of area and density of population required for an incorporated village by sec. 61.01, which provides that an area of one-half square mile containing a population of not less than 150 or a greater area containing a population of not less than 200 may be incorporated as a village upon petition of not less than five resident taxpayers upon compliance with the statutory proceedings for incorporation; (f) sec. 61.34 (23), authorizing village boards to erect lamp posts and provide for street lighting. All these statutes were enacted prior to 1922 when the first action was taken by the defendant town relied on by re-

spondents to support the tax involved. The facts stated show that (a), (b), (c), and (f) have been complied with, and that Hales Corners as its boundaries are fixed complies with (e). It is to be noted that no express authority is especially given to town boards by these statutes to impose a tax on the property within an unincorporated village to pay the cost of installing and maintaining street lights within the villages.

The appellants contend, upon authority of *Land, Log & L. Co. v. Brown,* 73 Wis. 294, 40 N. W. 482, decided in 1889, that a tax for improvements within an unincorporated village may not be levied by a town board acting under resolution of a town meeting pursuant to (a) above upon the property within the village only, but that such a tax must be levied upon all the property within the town. The reason for the rule of that case was that as the statutes then stood an unincorporated village had not been made a taxing unit. The town was then the only district upon which a tax for improvements within the town could be laid. The case supports appellants' contention unless later statutory provision authorizes a tax for lighting to be levied as it was levied in the instant case.

Respondents' counsel relies not only upon the cited statutes but upon the case of *McGowan v. Paul,* 141 Wis. 388, 123 N. W. 253, as supporting the tax. The *McGowan Case* was decided in 1910, after passage of (b) above. In that case the power of a town board to levy taxes upon the property of a town for sidewalks and lights in an unincorporated village was involved. A tax for such purposes was levied pursuant to action of the electors at town meeting. No action had been taken by the town meeting to confer upon town boards the powers of village boards under (a) above. The tax was held invalid. It is stated in the opinion, without reference to and apparently without consideration of the *Land, Log & L. Co. Case* above cited, that "as an original

matter, it would seem quite unreasonable to do such work as that in question at the expense of the taxpayers of a town, generally, necessarily including many persons not benefited at all by the expenditure." The basis of the ruling in that case is shown by the following quotation:

"That the legislature did not purpose creating any such power as that contended for is quite plainly indicated by the fact that it adopted a complete system in relation to the subject, by resorting solely to local taxation for the particular local purpose, in harmony with the general scheme of town government. Such system is found in secs. 1243, 1346a, 1346b, and 819, Stats. (1898). In so industriously providing for such local matters, it is the opinion of the court that it was intended to make the plan exclusive."

To determine whether the *McGowan Case* aids the respondents we must determine whether the above cited statutory provisions applying are still in force, and if so whether they were complied with in the proceedings constituting foundation for the tax. The first three of these statutes relate to sidewalks. The only one that can afford support under the *McGowan Case* is sec. 819, noted in the renumbering table of the statutes as sec. 60.29, which purports to state all the general powers of town boards.

Sec. 819 was revised by ch. 622, Laws of 1913. The enacting clause is: "Section 819 of the statutes is amended to read: . . ." Then follows, among other provisions: "(6) To designate and cause to be recorded by the town clerk the boundaries of any unincorporated village," which was evidently intended to supplant the following provision of sec. 819 as given in the 1906 Supplement to the Statutes of 1898:

". . . and if the town contains such a [unincorporated] village of not less than three hundred inhabitants, within an area of one-half square mile, upon petition of a majority of the freeholders, resident in such area, the town board shall designate the limits of such unincorporated village and record the same in the office of the town clerk."

The revision also left out of sec. 819 as stated in the 1906 Supplement to the Statutes the provision of the second paragraph thereof, that—

". . . When the limits of an unincorporated village has been fixed by the town board, the town board shall have and exercise the powers within the limits of such village granted to the village boards by sections 905 to 909, both inclusive, and the corresponding town officers shall have and exercise the powers and duties by said section conferred upon village officers therein mentioned."

Secs. 906 to 909 related to street improvements and the method of taxation to meet the cost of their construction and maintenance. The revision also omitted the provision of said paragraph that—

"The town board shall also, upon a petition of a majority of the freeholders, residents of such unincorporated village, erect lamp posts and lamps and provide for the lighting of the streets. . . . The cost of such lighting shall be ratably assessed by the town board upon the taxable property of such designated village and the town clerk shall enter the same when so assessed, upon the tax roll of the town against such property."

Keeping in mind that it was elsewhere provided in the statutes that town boards might exercise all the powers of village boards when authorized thereto by the town meeting and that the provisions for separately assessing and taxing property within an unincorporated village stood at this time in the statutes as secs. 1346$a$ and 1346$b$, it would seem to have been the idea of the revisor and the legislature in dropping from the statute the provisions quoted that the statutes without them provided for taxing the property within unincorporated villages for improvements made therein. Sub. 22 and 25 of sec. 893 gave to village boards the power "to erect lamp posts and lamps and provide for lighting any portion of the village or streets by gas or otherwise," and "to levy and provide for the assessment and collection of taxes." The revisor and legislature presum-

ably had the language of the *McGowan Case, supra,* in mind declaring the reasonable and just rule that taxes for public improvements within unincorporated villages should be borne by the inhabitants of such villages rather than the inhabitants of the town as a whole. In omitting the provisions for petition by freeholders for designation of village limits by the town boards, the legislature dispensed with such petition as prerequisite to such designation, and in omitting the provision for such petition for installing and maintaining street lights they dispensed with such provision as prerequisite for such purpose. The manifest purpose, the only possible purpose, of designating the limits of unincorporated villages and entering the property therein separately on the assessment and·tax rolls was to make of such limits taxing districts. We conclude that under the statutes as they stood when the proceedings herein involved were taken, the town board had power to levy the taxes involved, if these statutes do not conflict with the constitutional provisions invoked by appellants.

(2) The constitutional questions raised by appellants are without merit. As to "due process," the creation of a taxing district is a legislative function. *Land, Log & L. Co. v. Brown, supra; Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589; *Rinder v. Madison,* 163 Wis. 525, 529, 158 N. W. 302; *Thielen v. Metropolitan S. Comm.* 178 Wis. 34, 56, 189 N. W. 484. Counties and towns are taxing districts, and they have always been formed by the legislature without notice to the inhabitants that they are to be included therein. Cities and villages are such districts. They were formerly created by direct legislative act without any such notice, and since the amendment of art. IV of the constitution in 1892, forbidding their incorporation by direct legislative act, there has been no such notice as is essential to constitute "due process of law" within the meaning of art. XIV of the United States constitution. If the legislature may create taxing districts without notice to the inhabitants,

the bodies which it authorizes to create them need not be required to give such notice, and need not give such notice unless required to do so by the authorizing act. Notice to owners is required as prerequisite to authorize special assessments against land for public improvements, but not to authorize a general tax for general public purposes. *State ex rel. Owen v. Stevenson*, 164 Wis. 569, 161 N. W. 1. It is equally plain that the legislative acts for making unincorporated villages taxing districts do not violate the constitutional provisions for uniformity of town and county government or uniformity of taxation. If the plaintiffs by reason of the location of their homes and property are not benefited to the same degree by the lights of the village as are some other residents, this is a matter for legislative consideration only. Want of uniformity in taxation does not exist unless a different rate of taxation is imposed on like kinds of property within the taxing district. *State ex rel. Owen v. Stevenson, supra.* How lack of uniformity of town government results from the statutory provisions is not pointed out and we are unable to perceive. The provisions apply alike to all towns within the state having unincorporated villages. Nothing more is essential to uniformity.

Counsel for respondents refers to a curative act of the legislature, ch. 225 of the Laws of 1929, and contends that in any event it validates the taxes involved. Careful reading of the act discloses that it does not declare anything valid. It does not make any declaration. The predicate phrase "shall be valid" has no subject. However, as the taxes are held valid, we need not consider whether this renders the act nugatory or whether a statute by its terms declaring valid a tax invalid when laid by reason of failure to comply with statutory requirements such as are here involved would apply to defeat pending litigation for recovery of such tax when paid under protest.

*By the Court.*—The judgment is affirmed.