WISCONSIN POWER & LIGHT COMPANY, Respondent, vs.
PUBLIC SERVICE COMMISSION, Appellant.

*November 11—December 7, 1937.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *H. T. Ferguson,* counsel for the Public Service Commission, and oral argument by the *Attorney General* and *Mr. Persons.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *Ralph E. Axley,* all of Madison.

FOWLER, J. The following question was submitted to a vote of the people of McFarland as preliminary to acquisition by the village of public-utility property of the Wisconsin Power & Light Company under ch. 197 Stats.: "Shall the electric plant and equipment of the Wisconsin Power & Light Company located in the Village of McFarland be acquired by the Village?" The vote of the people was in the affirmative.

The Public Service Commission pursuant to the vote proceeded to fix the value of and to describe the property to be acquired by the village. In so doing they included property not "located in" the village. About one third of the property so included lies outside the village limits. The Power & Light Company claims, and the circuit court determined, that the order of the commission fixing the value of and describing the property to be taken is void because of the inclusion of the outside property. The Public Service Commission contends to the contrary and relies on the decision in *Wisconsin P. & L. Co. v. Public Service Comm.* 224 Wis. 286, 289, 272 N. W. 50, as ruling the case in its favor.

The question submitted to the people in the above-cited case was as follows: "Shall the City of Edgerton purchase the rights and property of the Wisconsin Power & Light Company actually used and useful for transmission, delivery and furnishing of heat, light, and power within the City of Edgerton, and construct and operate a plant and equipment for production and furnishing of electricity?"

It was held in the *Edgerton Case* that the phrase "within the city of Edgerton" referred, under the doctrine of the "last antecedent," not only to the property of the company

"within the city," but to all the property "used and useful for furnishing of electricity within the city." There is no room for the application of such doctrine here, as property "used and useful for furnishing electricity" is not incorporated in the question. The question here is, Shall the village acquire the property "located within the village," not the property "used and useful for the furnishing" of electricity within the village? . Here the only possible antecedent of the phrase "within the village" is "the property located."

As stated in the *Edgerton Case,* page 287, the question submitted to the people in acquisition proceedings "should be so phrased as to carry a true and complete meaning" to the voters. The question is not so stated in the instant case. It is impossible to say that the voters intended to acquire any property outside the village. The order of the commission included not only the property of the plaintiff within the village, but a transmission line from Oregon to McFarland, lines from this line to supply farmers, and lines from McFarland to supply cottages on a lake some distance from the village. There is nothing to indicate that the voters intended these inclusions. The voters may have intended that the village should construct its own generating plant, or some of them may have so intended and some not. It is true that the statute, sec. 196.57, provides for the acquisition by a municipality of property of a utility that is "actually used and useful for the convenience of the public," but, if such property outside the municipality is to be acquired, the question submitted to the people must expressly or by general language, as in the *Edgerton Case,* include such property, else the commission has no power to include it.

*By the Court.*—The judgment of the circuit court is affirmed.