CITY OF MILWAUKEE, Respondent, vs. SEWERAGE COMMIS-
SION OF CITY OF MILWAUKEE, Appellant.

*November 12—December 20, 1954.*

344

For the appellant there were briefs by *Bitker & Marshall,* and oral argument by *Mrs. Marjorie L. Marshall,* all of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Arthur Saltzstein,* assistant city attorney, and *Richard F. Maruszewski,* assistant city attorney, of counsel, and oral argument by *Mr. Saltzstein* and *Mr. Maruszewski.*

A brief was also filed by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

STEINLE, J. Consolidation of a town with a city is authorized by sec. 66.02, Stats. Procedure for such consolidation is specified in the statute.

Sec. 66.02, Stats., provides:

"CONSOLIDATION. Any town, village, or city may be consolidated with a contiguous town, village, or city, by ordinance, passed by a two-thirds vote of all the members of each board or council, fixing the terms of the consolidation and ratified by the electors at a referendum held in each municipality. The ballots shall bear the words, 'for consolidation,' and 'against consolidation,' and if a majority of

the votes cast thereon in each municipality shall be for consolidation, the ordinances shall then be in effect and shall have the force of a contract. The ordinance and the result of the referendum shall be certified to the clerk of the consolidated corporation and by him recorded and certified as provided in section 61.11 if a village; or subsection (6) of section 62.06 if a city; to the county clerk, if a town and the certification shall be preserved as provided in subsection (6) of section 60.05, section 61.11 and subsection (6) of section 62.06, respectively. Consolidation shall not affect the pre-existing rights or liabilities of any municipality and actions thereon may be commenced or completed as though no consolidation had been effected."

The city of Milwaukee in its amended complaint in substance alleges that pursuant to statutory authority the common council of the city on March 10, 1954, adopted ordinance No. 732, and that the town board of the town of Lake on March 16, 1954, adopted ordinance No. 408, which are complementary and substantially identical ordinances providing for and fixing the terms of the consolidation; that on April 6, 1954, at the regular spring election, referenda were held in both communities for ratification of the ordinances; that the referendum in the city was conducted principally pursuant to provisions of secs. 66.02, 6.80, 10.40, 6.21, and 6.23, Stats., and that the referendum in the town was held pursuant to secs. 66.02, 6.80, and 6.21; that previous to the election of April 6, 1954, there was official publication of the ordinances in newspapers of the respective communities and that a copy of the town ordinance was distributed to each occupied premises in the town.

In the amended complaint there is also set forth the forms of the specific referendum questions submitted to the voters of the town of Lake and the city of Milwaukee for the ratification of the ordinances in question.

It is further alleged that a majority of the votes cast in both the city and the town were "for consolidation;" that

on April 9, 1954, the ordinances and the results of the referenda were certified to the secretary of state; that the town ceased to exist as a separate entity and has been administered as part of the city from April 6, 1954.

There was further allegation in the amended complaint to the effect that four separate proceedings for annexation within the former town of Lake had been commenced prior to April 6, 1954 (date of election), and were pending at the time; portions of the town were posted for annexation to the city of Milwaukee in October, 1951, in October, 1952, and in May, 1953, and that the entire north side of the town adjoining the city of Milwaukee was posted for annexation to the city of St. Francis in October, 1953.

Averment was also made in the amended complaint that on June 3, 1954, the city of Milwaukee requested the defendant Sewerage Commission to extend its main sanitary sewer to an area that was formerly in the town of Lake, but which became included in the city of Milwaukee by virtue of the consolidation proceeding, in order that the city could proceed with the construction of service sewers in the area to be served thereby; that the Sewerage Commission declined to act upon the request of the city of Milwaukee, having adopted a resolution on June 10, 1954, wherein it determined to defer action until a proper legal determination had been made of the propriety of the use of funds of the commission for construction of sewers in the former town of Lake.

In its decision on demurrer, the trial court determined that there are no constitutional objections to sec. 66.02, Stats., nor to the proceedings taken thereunder by the town of Lake and the city of Milwaukee; that the posting of the city of St. Francis was void on its face and could be entirely disregarded; and that pending proceedings for annexation to the city of Milwaukee were not a bar to consolidation of the same territory with the city of Milwaukee.

Five questions have been raised upon this appeal. They are:

1. Is sec. 66.02, Stats., an unconstitutional delegation of legislative power to towns contrary to sec. 1, art. IV of the Wisconsin constitution?

2. Is sec. 66.02, Stats., void for uncertainty in that it sets forth no procedure for the conduct of the referendum therein required?

3. Were the referendum questions presented to the electors properly and legally framed without the inclusion of the full text of the ordinances thereby submitted for ratification?

4. Did the several proceedings for annexation of parts of the former town, which had been commenced prior to, and were pending at the time of the commencement of the consolidation proceeding, preclude a consolidation of the same area?

5. Did the pending annexation proceedings destroy the contiguity of the town and the city for purposes of consolidation?

Consolidation merges two or more political units. It involves surrender of all power of one unit to the other, or to a new consolidated government, on the basis of terms agreeable to both. As a result of consolidation the government of one unit is disbanded, its assets and liabilities are taken over by the other, and citizens of the disbanded unit are thereafter eligible for all of the rights and duties of the remaining consolidated government. Consolidation, like annexation, is a method provided by the legislature for the integration of adjacent areas. Annexation is limited to the addition of unincorporated territory to a city.

With reference to the first question presented upon this appeal, it is the position of the appellant, Sewerage Commission, that sec. 66.02, Stats., is an unconstitutional delegation of legislative power to towns,—being contrary to sec. 1,

art. IV of the Wisconsin constitution which provides that the legislative power shall be vested in a senate and assembly. In support of its contention, appellant argues principally, that except as authorized by the constitution, the legislature cannot delegate legislative power; that the constitution contains no provision authorizing delegation of legislative power to towns, or conferring home-rule power upon towns; that the adoption of a consolidation ordinance by a town board under sec. 66.02 is an exercise of legislative power; that the statute is not a mere delegation of authority concerning administrative detail; that while the statute is not an option law, there is an authorization of ordinances which have the characteristic of an option law. Appellant does not assail the right of the city of Milwaukee to enter upon a consolidation program.

Respondent maintains that the statute is neither a delegation of legislative power to a town nor an option law; that it is a complete legislative enactment in itself, prescribing the conditions upon and proceedings under which cities, towns, and villages may consolidate, and that it is not an unconstitutional delegation of legislative power to towns.

Towns are political subdivisions and governmental agencies of the state. A town is a body corporate, sec. 60.01, Stats. It is denominated a quasi-municipal corporation as distinguished from a municipal corporation, *State ex rel. Bare v. Schinz* (1927), 194 Wis. 397, 399, 216 N. W. 509, although in a generic sense a town sometimes is referred to as a municipality. It is within the acknowledged power of the legislature to organize towns and change the boundaries of such as are already organized. *Slauson v. Racine* (1861), 13 Wis. *398, *401. Town boundaries are under the control of the legislature. *Zweifel v. Milwaukee* (1925), 185 Wis. 625, 635, 201 N. W. 385. There is no constitutional restric-

tion forbidding the legislature from providing a method by which boundaries can be fixed. *People v. Ontario* (1906), 148 Cal. 625, 84 Pac. 205.

The legislature is prohibited by sec. 31, art. IV of the Wisconsin constitution from enacting any special or private law regarding the incorporation of a town, city, or village. There is no constitutional limitation prohibiting the legislature from creating, enlarging, diminishing, or abolishing towns. Nor is there any constitutional restriction as to the legislature's authorization of the consolidation of cities, towns, and villages. Clearly such matters are entirely within the realm of the legislature's power and discretion.

Except as authorized by the constitution, the legislature cannot delegate power to make a law. *State ex rel. Van Alstine v. Frear* (1910), 142 Wis. 320, 324, 125 N. W. 961. It is well settled, however, that while the legislature cannot delegate its power either to declare whether there shall be a law,—or to determine the general purpose or policy to be achieved by the law,—or to fix the limits within which the law shall operate,—nevertheless, it can make a law to become operative on the happening of a certain contingency or on the ascertainment of a fact upon which the law makes or intends to make its own action depend. *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860. It has been held that when the legislature has laid down the fundamentals of a law, it may delegate to administrative agencies authority to exercise such legislative power as is necessary to carry into effect the general legislative purpose. *Olson v. State Conservation Comm.* (1940), 235 Wis. 473, 293 N. W. 262; *Clintonville Transfer Line v. Public Service Comm.* (1945), 248 Wis. 59, 21 N. W. (2d) 5.

Sec. 66.02, Stats., is a general law permitting consolidation. It is a complete legislative enactment in itself, prescribing the conditions upon and the procedures under which

cities, towns, and villages may consolidate. The legislature has exercised its power to the full extent required in the enactment of an entire operative statute. It provides complete procedure for consolidation and sets up in detail steps necessary to effectuate merger of specified types of political subdivisions. The legislature, acting within the scope of its authority, has determined what the law concerning consolidation shall be. It has not delegated its power in such respect to any governmental subdivision.

As with incorporation, annexation, and detachment, so with consolidation, the legislature has provided appropriate general legislation authorizing change of form of governmental subdivision in a locality, leaving it to local authorities to administer the details of bringing about the change. The action of local units in doing what is required by the general law is not an arrogation of power reserved to the legislature. The true test and distinction whether a power is strictly legislative, or whether it is administrative and merely relates to the execution of the statutory law, is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done. To the latter, no valid objection can be made. *State ex rel. Adams v. Burdge* (1897), 95 Wis. 390, 70 N. W. 347; *State ex rel. Buell v. Frear* (1911), 146 Wis. 291, 131 N. W. 832. In the present matter the legislature has declared what the law shall be. The legislature's enactment is the vitalizing force that authorizes consolidation. The energy of the legislative enactment goes into operation upon the happening of the necessary conditions. Without authority from the legislature to effectuate consolidation, cities, villages, and towns would not be empowered to consolidate.

True, some legislative action on the part of cities, villages, and towns is requisite under the procedure prescribed by the statute for the consolidation of such governmental units. It would be incongruous to declare that the passage of an ordinance by the legislative boards of the political subdivisions desiring consolidation under the statute, were not legislative acts. The legislation required of a town board under sec. 66.02, Stats., however, does not authorize the enactment of the consolidation law, but merely permits the exercise of judgment and discretion by the town board and the voters under and in pursuance of the law. In essence it is comparable to that type of delegated legislative authority exercised by town boards and approved by this court in *Fort Howard Paper Co. v. Fox River Heights Sanitary Dist.* (1947), 250 Wis. 145, 26 N. W. (2d) 661, where the town board pursuant to authority of statute established a sanitary district; and in *State ex rel. Carey v. Ballard* (1914), 158 Wis. 251, 148 N. W. 1090, where the town authorities under a statute were permitted to levy taxes by the establishment and maintenance of public highways in the town; and in *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407, where it was said that the power to exercise discretion in altering school districts by consolidation, may be delegated to the state superintendent of schools as well as to town boards.

Appellant submits that since there is no constitutional provision authorizing the legislature to delegate legislative power to a town, or to confer home-rule power upon a town, therefore, the provision in sec. 66.02, Stats., authorizing a town board to exercise legislative power in adopting an ordinance is unconstitutional. Appellant points to the fact that the constitution by sec. 22, art. IV, specifically authorizes the legislature to delegate legislative power to a county board, and that by amendment to sec. 3, art. XI (home-rule amendment), cities and villages are empowered to determine

their local affairs and government subject only to the constitution and to such enactments of the legislature of statewide concern as shall with uniformity affect every city or every village. The constitution, however, contains no similar provision with reference to towns.

The trial court determined, and respondent upon this appeal contends, that since the constitution does not forbid the delegation of legislative power to towns, the legislature is privileged to vest such power in towns.

It is recognized that a town serves as a local organ of government to supply community needs, conveniences, and comfort, and makes and enforces by-laws and regulations for such purposes in manner similar to municipal corporations. Its powers are prescribed by ch. 60 of the statute. Under provision of sec. 60.18 (12) and sec. 60.29 (13), Stats., a town, when complying with the statutory provisions, may exercise powers conferred upon villages. We take judicial notice of the fact that the town of Lake adopted such permitted procedure and operated its government in such manner. The constitutionality of the statute permitting town boards to exercise the functions of village boards was upheld by this court in *Paul v. Greenfield* (1930), 202 Wis. 257, 232 N. W. 770. Thus the town of Lake became invested with power identical to that enjoyed by a municipal corporation, to wit, a village. However, aside from the fact that later in its existence, the town of Lake acquired legislative power similar to that vested in villages, actually, previous thereto, it had possessed legislative power for its local purposes as authorized by the legislature.

While under sec. 1, art. XI of the constitution the formation of municipal corporations is authorized, it was not until the adoption of the home-rule amendment that the constitution contained provisions granting power of a local, legislative and administrative character to any unit of government excepting counties. Previous to the adoption of the home-

rule amendment, municipalities in this state had always exercised local, legislative and administrative power under authority granted by the legislature. Without such power the municipalities would have been left impotent to function in accordance with purposes for which they were organized. The establishment of towns by the legislature is authorized by sec. 23, art. IV of the constitution. Towns, like municipalities, could not function without power of local, legislative and administrative character. In *Dekorra v. Wisconsin River Power Co.* (1926), 188 Wis. 501, 506, 205 N. W. 423, it was said:

"It is true, as argued by respondent, that towns are municipal corporations of limited powers. But when specific duties are intrusted to them and made obligatory on their part, it must be assumed that it was the legislative intent to give them ample authority to carry out those duties. So when they were charged with the duty of maintaining their highways and the town boards were selected to discharge this duty, it must be held, in the absence of any statutory provision, that they were given plenary power to do all that was reasonably necessary to carry out the legislative scheme."

Since the delegation by the legislature of local, legislative and administrative power is not prohibited by the constitution, the legislature may properly invest local units, including towns, with power to legislate in respect to matters of local character.

It is a well-settled rule, supported with practical unanimity by the authorities, that the general doctrine prohibiting the delegation of legislative authority has no application to the vesting in political subdivisions of power of government matters which are local in scope. For a great variety of purposes and governmental functions the legislature may delegate a part of its power over local subjects to public bodies. 11 Am. Jur., Constitutional Law, p. 934, sec. 223. While the legislature cannot delegate to towns its power to

enact laws of a general nature, it may delegate to them the power to make and enforce laws relating to matters of local concern. 52 Am. Jur., Towns and Townships, p. 485, sec. 24. The legislature may impose upon political subdivisions created for the purpose of local government the authority as agents of the state to carry out and perform a state function or purpose. 16 C. J. S., Constitutional Law, p. 399, sec. 140.

Sec. 66.02, Stats., authorizes the local bodies to work out in detail the terms of a consolidation agreement. Actually such matters are no more than administrative. We consider that the ordinances required by the statute consist of local legislation of an administrative character, and are clearly within the purview of legislative power conferred upon all cities, villages, and towns.

The legislature has enacted the consolidation law,—it becomes operative on the happening of a contingency, to wit, favorable action by the local body's board and electors.

Consolidation, as annexation, is a matter of state-wide concern. Inasmuch as the legislature has acted completely in prescribing the substance of the consolidation law, and has left to local authorities, as in annexation, the determination of the application of the law, objections on constitutional grounds in such respect have no merit.

The appellant also argues that while sec. 66.02, Stats., is not an option law, there is an authorization of ordinances which have the characteristics of an option law, and by permitting a local legislative body to adopt an option ordinance, the legislature has not fully exercised its own power in the enactment of the consolidation law. We cannot agree with such contention. Clearly, the legislature has provided a complete law. It affords to the local authorities and electors the choice of determining whether the territory and government of the local political body shall remain in *status quo* or be merged with another. We concur in the view expressed by respondent in its brief that :

"The legislature has authorized and set standards for consolidation by direct legislative action; it has left to local agencies the administrative determination of whether or not to effect a consolidation. It could do no more without prohibited special legislation. Whether or not a particular consolidation occurs is not a problem for the legislature once it has determined that a consolidation may take place as prescribed. The ends of the state are equally served whether its functions and those of local government be performed by a county, town, city, or village as long as it is assured they will be performed.

"The legislature in authorizing incorporation, annexation, and detachment, and consolidation has recognized this and has left for the local determination by the citizens most concerned which form of government, within the general legislative pattern, they might utilize. It is proper and consistent to allow those locally involved to determine whether to incorporate as a city or village, to annex themselves to either, or to consolidate completely and abolish an extraneous local unit. In all cases, the state is equally served and the only legislative problem of major concern—that there be an adequate form of local government—is met."

Objection to the validity of the statute in question has also been asserted by appellant on grounds that it fixes no limits within which the law shall operate, lays down no standard or guide for its application, and prescribes no facts or conditions which must exist, other than that the territory be contiguous. It seems to us that the standards and conditions laid down by the statute are adequate. The types of local units that may be merged are designated. The requirement of contiguity is plain. The procedures to be employed are described and are uniform. Of necessity, because of variance and disparity in size, shape, population, physical assets, etc., of the many cities, towns, and villages of the state which are potential subjects of consolidation, it would be impractical if not impossible for the legislature to specify considerations of such nature as essential qualifications of consolidation, and

still produce a workable law which would achieve the legislative purpose. While sec. 59.997, Stats., which provides for the consolidation of counties, includes more items of procedure, it fixes no greater limitations, lays down no more extensive standards or guides, and prescribes no additional facts or conditions than does sec. 66.02.

In our considered judgment the provisions of sec. 66.02, Stats., do not vest an unconstitutional delegation of power to towns.

The second question presented for determination is whether sec. 66.02, Stats., is void for uncertainty in that it sets forth no procedure for the conduct of the referendum therein required.

The statute provides that the consolidation shall be ratified by the electors at a referendum held in each of the local units involved in the consolidation effort. The statute does not declare the time for the holding of the referendum or the election procedure to be employed.

In the construction of statutes, it is generally determined that they shall not be held too indefinite to be operative because they may be imperfect in their details. A statute should not be pronounced void for uncertainty if it is susceptible of any reasonable construction. *Madison Bus Co. v. Public Service Comm.* (1953), 264 Wis. 12, 58 N. W. (2d) 463, citing 50 Am. Jur., Statutes, p. 489, sec. 473, and *Wentworth v. Racine County* (1898), 99 Wis. 26, 74 N. W. 551. Sec. 6.80, Stats., provides for referendum procedure upon all subjects. The provisions of sec. 66.02 are within the purview of sec. 6.80. Since sec. 6.80 was in effect prior to the enactment of sec. 66.02, it must be assumed that the legislature contemplated that the provisions of sec. 6.80 would be applicable to sec. 66.02. It is considered that it is the legislative intent that the general election laws of the state are to apply to sec. 66.02. The record indicates that in the present situa-

tion referenda were held in the respective local units at the regular spring election on April 6, 1954. We find that the time of holding the referenda was in conformity with the law.

The third question raised upon this appeal concerns proper and legal framing of the referendum questions.

Appellant contends that the language of sec. 66.02, Stats., implies a submission to the voters of the full text of the ordinances in the referendum questions. However, sec. 6.23 (8) requires only the submission of a concise statement of the nature of the measure or question involved. The referendum question as presented to the voters of the city of Milwaukee read: "Shall ordinance No. 732 of the city of Milwaukee, passed in accordance with section 66.02 of the Wisconsin statutes of 1953 by the common council of the city of Milwaukee on the 10th day of March, 1954, to consolidate the town of Lake with the city of Milwaukee in the county of Milwaukee, state of Wisconsin, on the terms and conditions set forth therein be ratified?" The referendum question, as presented to the voters of the town of Lake upon its voting machines and absentee ballots, was as follows: "Shall ordinance No. 408 of the town of Lake, passed in accordance with section 66.02 of the Wisconsin statutes of 1953 by the town board of the town of Lake on the 16th day of March, 1954, to consolidate the town of Lake with the city of Milwaukee in the county of Milwaukee, state of Wisconsin, on the terms and conditions set forth therein, be ratified?"

In each instance the voters were asked, as required by statute, to answer the questions, "for consolidation" or "against consolidation."

We consider that there was a reasonable and substantial compliance with the statute. The primary consideration in a situation of this nature is the ascertainment of the voter's intent. It is clear that the voter was called upon to ratify the terms and conditions of the consolidation ordinance adopted by his respective government. Reference to the full

ordinances was set forth in the referendum question. In *State ex rel. Spaulding v. Elwood* (1860), 12 Wis. *551, *558, it was held that:

"The doctrine is not controverted, that the intention of the elector is generally to control in determining for what person or what proposition a ballot should be counted, and that where this intention is not manifest from a bare inspection of the ballot itself, facts and circumstances of a public character connected with the election are sometimes resorted to for the purpose of ascertaining the intention of the elector; . . . And when the intention of the elector can be clearly ascertained from the ballot itself, or with the aid of competent evidence dehors the ballot, such intention should have effect, and the vote should be counted."

It appears from the record that copies of the entire ordinance had been distributed to every occupied premises in the town of Lake previous to the election and that there had been publication of the ordinances, official and otherwise, in newspapers of general circulation in the respective communities affected by the consolidation consideration. It appears that no voter could have been misled by the procedure employed in the submission of these questions. The objection to the form of the ballot cannot be sustained.

The fourth question with which we are confronted is: "Did the several proceedings for annexation of parts of the former town, which had been commenced prior to, and were pending at the time of the commencement of the consolidation proceeding, preclude a consolidation of the same area?"

It appears from the amended complaint that at the time of the consolidation, four annexations had been instituted involving portions of the area contained in the town of Lake. Three of these programs proposed annexation to the city of Milwaukee and one to the city of St. Francis. The trial court determined that the St. Francis posting as set forth in detail in the amended complaint, was void upon its face and of no legal effect. Fatal insufficiency of the posting was predicated

upon bases that the description of the area is inaccurate, in that particularly a described point is indeterminate; a portion of the town remains isolated; territory of the city of Milwaukee is included within the boundaries of the posted territory; and that an area is included which had already been posted by the city of Milwaukee.

Appellant challenges the correctness of the trial court's determination that the description of the area referred to in the St. Francis posting is inaccurate. However, it concedes the existence of the other defects. It maintains, however, that the errors are minor and should not render the posting void on its face. While the item pertaining to inaccuracy of description may involve an issue of fact, the other three items do not. We cannot agree that the other three items are of minor importance, subject to correction. We concur in the holding of the trial court that the posting of the city of St. Francis was void upon its face, at least with respect to those items which do not involve possible inaccuracy of description.

The postings of portions of the town of Lake for annexation to the city of Milwaukee were of no legal consequence after the consolidation was effectuated. In nowise did their existence preclude the city of Milwaukee from entering upon the consolidation program. Manifestly, the consolidation accomplished the purpose of those who posted for annexation. The desired attachment of posted territory to the city became a reality. *In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 243 N. W. 315, and *Greenfield v. Milwaukee* (1951), 259 Wis. 77, 47 N. W. (2d) 291, with reference to precedence of proceeding first instituted, have no application, for the reason that there is no conflict of jurisdiction.

The fifth question raised by appellant concerns contiguity of the town of Lake and the city of Milwaukee at the time of consolidation. It is based upon a contention that the St. Francis posting was valid and included area which would

have completely separated the city from the town. Having herein determined that the St. Francis posting was of no legal effect, it is clear that the territory involved was contiguous.

The order of the trial court in overruling the demurrer is sustained.

*By the Court.*—Order affirmed.