MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION OF MILWAUKEE and another, Appellants, v. SAVINGS & LOAN REVIEW BOARD and another, Respondents.

*No. 70. Argued February 2, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 554.)

[5] *People v. Palmer* (1969), 41 Ill. 2d 571, 244 N. E. 2d 173; *People v. Townsend* (1969), 111 Ill. App. 2d 316, 250 N. E. 2d 169.

For the appellant Mutual Federal Savings & Loan Association of Milwaukee, there was a brief by *Frisch, Dudek, Slattery & Denny* of Milwaukee, attorneys, and *Edward A. Dudek* and *Robert A. Slattery* of counsel, and oral argument by *Edward A. Dudek.*

For the respondent Savings & Loan Review Board of Wisconsin the cause was argued by *Robert J. Vergeront,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent Security Savings & Loan Association there was a brief by *Schoendorf & Schoendorf* of Milwaukee, attorneys, and *Joseph F. Schoendorf, Jr.,* of counsel, and oral argument by *Joseph F. Schoendorf, Jr.*

HANLEY, J. What is here involved is the order permitting a savings and loan association to move a branch office from 176 West Wisconsin Avenue to 184 West Wisconsin Avenue in the city of Milwaukee. The move is from a third-floor location in one building to a first-floor location in the adjoining building.

The statutory authority and responsibility of the commissioner of savings and loan associations, when an application for relocation is made, is spelled out by sec. 215.03 (8), Stats.:

"(8) RELOCATION OF ASSOCIATION OFFICE. (a) Any association, which determines to move its main office or branch to some other location not more than one mile from its then location, shall make an application to the commissioner. The commissioner may approve or deny such application for relocation.

"(b) Any association, which determines to move its main office or branch to some other location more than

one mile from its then location, shall make an application to the commissioner. The commissioner shall hold a public hearing on such application and shall give notice thereof as provided in s. 215.07 (7). In approving or denying such application for relocation, the commissioner shall ascertain the need for such relocation and determine whether undue harm or injury would be caused to any properly conducted association or branch now doing business in the area or vicinity of the proposed relocation."

It is the "not more than one mile" factor that places an application for relocation under either paragraph (a) or (b). The legislature clearly has established a different procedure for processing applications falling in the paragraph (b) classification. A public hearing and notice to affected parties is required only where the proposed relocation is "more than one mile." Just as clearly, the legislature has set a higher standard for the approval of "more than one mile" relocations. In the paragraph (b) category, the commissioner is required to make a finding of need and an absence of undue harm or injury to nearby associations. No such finding is required where the proposed relocation is "not more than one mile." It is true that the phrase "affirm or deny" refers to the commissioner's exercise of a discretionary authority, to be used in accordance with the statutory grant of authority. However, both procedures and standards are different for the two classes of relocation applications. The statute is clear, plain and unambiguous. There is neither reason nor right to import the requirements of paragraph (b) into paragraph (a) applications. There are two different procedures. There are two different standards. There are two different types of relocation applications. Distance, either more than one mile or not more than one mile, is the legislatively established distinction between them.

Mutual argues that if this construction of the statute is adopted, the result is an unlawful delegation of

legislative authority as to relocations of savings and loan associations falling under paragraph (a), because no standard is spelled out for ruling on such less than a mile relocations.[2] Mutual raised the same argument in the prior appeal in this case, arguing that when an absorption creates a new branch for an existing association, the standards which govern consideration of an application to create a branch should apply.[3] This court rejected that argument, finding that the only standard to be applied, whether or not the absorption creates a new branch, is spelled out to be that of distance. The court stated:

". . . However, in respect to branches created by absorption and consolidation, no standards other than those provided by sec. 215.13 (39) (b) and (40) need exist. The legislature determined the necessary legislative standards when it provided savings and loan associations could be absorbed or consolidated and in such cases a branch might be continued at the location of the absorbed or consolidated association under certain conditions. *The only standards are the distances set forth in sec. 215.13 (39) (b) and (40) and these are sufficient for the purpose of location. The commissioner's discretion is limited to these standards."* [4] (Emphasis supplied.)

Here as there distance itself becomes a standard, as well as the factor determining classification. Where the proposed relocation is more than one mile, the legislature has required the commissioner to determine both need and an absence of adverse effect upon competition in the vicinity. As to relocations of not more than one mile, the commissioner is required only to find that the proposed relocation does not exceed the one mile limit,

[2] *Olson v. State Conservation Comm.* (1940), 235 Wis. 473, 293 N. W. 262; *Milwaukee v. Sewerage Comm.* (1954), 268 Wis. 342, 67 N. W. 2d 624; *State ex rel. Humble Oil & Refining Co. v. Wahner* (1964), 25 Wis. 2d 1, 130 N. W. 2d 304.

[3] *Mutual Federal Savings & Loan Asso. v. Savings & Loan Advisory Committee, supra.*

[4] *Id.* at pages 389, 390.

and the only requirement of the statute has been met. The argument that this is not a sufficient regulation of not more than one mile relocations must be addressed to the legislature, not to this court. The argument that it would be possible for an association to engage in a series of short relocations, each under one mile, is not before us in a case where the only move is to an adjoining building. Such series of short steps to make a long journey would be an obvious circumventing, even subverting, of the purpose and provisions of paragraph (b) of the statute. There is no need to rule on what is not before us, but it is to be remembered that sec. 215.03 (1), Stats., provides that all savings and loan associations ". . . shall be under the supervision and control of the commissioner." An installment plan hedgehopping across town would encounter such general supervisory power, as well as obvious practical and financial obstacles.

Mutual objects to the finding of the review board that Security ". . . has taken the necessary action to establish sufficient business purpose for the relocation of the Aetna branch office to better serve the public interest." This finding can be disregarded as surplusage. Once the review board affirmed that the commissioner correctly found the move to be not more than one mile, no further required standard remained to be met. Need or effect upon other properly functioning associations in the vicinity apply only to moves of more than one mile. The factor of capability to handle the new facility is important under sec. 215.23, Stats., in a determination as to whether or not an association is to be allowed to invest in land, buildings or improvements. It is not relevant, or at least required, under sec. 215.03 (8).

Mutual alleges certain errors in the conduct of the hearing before the review board. Such issues were not raised before the circuit court at the trial level, and need not be considered here. The right to raise them

here was lost by not raising them there. Mutual claims that the use of the prehearing conference, together with the pleadings, placed Mutual at a disadvantage, obscuring the true issues. This claim involves an issue of the timeliness of the Mutual appeal, not relevant here because we hold its appeal to have been timely, and matters related to need and effect upon other associations, which we have herein held to be irrelevant. Mutual made the same claim on its earlier appeal, and this court rejected them stating:

"However, the objection relating to Mutual's offer of proof is predicated upon the reasoning that sec. 215.03 (9), Stats., relating to the establishment of a branch was applicable and the question of public interest was in issue. We have decided this view was not correct. The review was very limited and since there was no dispute as to the evidentiary facts relating to distances, only legal questions were involved. . . ." [5]

Since the only issue in a review of challenge to a relocation of not more than one mile under sec. 215.03 (8) (a), Stats., involves distance, the above reasoning is applicable here. All parties to this appeal agree that the relocation here involved is within paragraph (a), since the move was merely to an adjoining building. The standard as to distance being met, the action of the commissioner, the concurrence of the review board, and the affirmance by the circuit court, all meet the statutory requirement.

*By the Court.*—Judgment affirmed.

[5] *Id.* at page 392.