RICHARD E. GARROW, Corporation Counsel Manitowoc County
You request my opinion whether a county board which establishes a solid waste management board pursuant to sec. 59.07 (135), Stats., may withhold or take away from the latter board any of the powers specified in that section.
I am of the opinion that it may. My conclusion is based upon the language of sec. 59.07 (135), Stats., and the significance of sec. 59.025, Stats., with regard to the powers of county boards in the creation and organization of agencies of county government. *Page 234 
Two aspects of the statutory language are significant. First, the provisions authorizing creation of solid waste management boards and the exercise of certain enumerated powers are couched in discretionary language. Second, the language of the statute indicates that the solid waste management boards are creations of the county boards rather than of the legislature.
As originally enacted in ch. 130, Laws of 1971, sec. 59.07
(135), Stats., provided in part:
 "(135) SOLID WASTE MANAGEMENT. The county board of any county may establish and operate a solid waste management system or participate in such system jointly with other counties, cities, villages or towns. For this purpose, the county board may exercise the following powers: . . ."
Among the powers enumerated were administrative powers, the power of eminent domain and such legislative powers as the power to adopt and enforce ordinances and provide for forfeitures, and to appropriate funds and levy taxes.
Chapter 105, Laws of 1973, amended the introduction to sec.59.07 (135), Stats., to provide:
 ". . . Except in counties having a population of 500,000 or more, the county board or boards of supervisors of any county or combination of counties establishing a solid waste management system may create a solid waste management board to operate the system . . . . For the purpose of operating the solid waste management system, the board may exercise the following powers:"
That portion of the statute enumerating the powers was not amended.
The present sec. 59.07 (135), Stats., provides that the county board of any county may establish and operate a solid waste management system, and for that purpose may create a solid waste management board to operate the system. The word "county" was deleted by the 1973 amendment from the phrase, "the county board may exercise the following powers:"
Retention of the word "may" in these provisions indicates that the legislature intended that the county board could exercise the enumerated powers if it determined to operate the system itself. Alternatively, the solid waste management board, if created, could exercise such of the powers as are within its legal authority. *Page 235 
It is my opinion that all of the powers enumerated in sec.59.07 (135), Stats., may properly be exercised by the solid waste management board. The statute, in delegating these powers, provides, "For the purpose of operating the solid waste management system, the board may exercise the following powers . . ." I interpret this language as a direct delegation of powers by the legislature to the board operating the solid waste management system, whether that board is the county board or the solid waste management board.
The power of eminent domain may be delegated by the legislature to a public board. See sec. 32.02 (1), Stats. Legislative powers, including the power to enact ordinances, appropriate funds and levy taxes, can be delegated in local matters to political subdivisions, quasi-municipal corporations or public bodies.Milwaukee v. Sewerage Comm. (1954), 268 Wis. 342, 67 N.W.2d 624. I am of the opinion that the delegation by the legislature of these powers to a solid waste management board established pursuant to sec. 59.07 (135), Stats., by county board action is constitutional, since a solid waste management board is a public body created pursuant to statute. See West Milwaukee v. Area Bd.Vocational, T. A. Ed. (1971), 51 Wis.2d 356, 187 N.W.2d 387.
The statute expressly provides that the solid waste management board is the creation of the county board. The statute itself does not create the board, but only gives county boards the power to do so. In an unpublished opinion to the corporation counsel for Brown County, dated November 10, 1972, my predecessor considered sec. 50.07 (135), R.S. 1971. That opinion indicated that where the legislature has desired to create a separate and independent agency for a specific function, it has expressly provided that such agency be a public body corporate and politic. Solid waste management boards have not been so designated.
The legislature, in sec. 59.025, Stats., manifested its intent to give to counties "the largest measure of organizational autonomy compatible with the constitution and general law." Sec. 59.025 (2), Stats. To that end, county boards were given broad powers to create, consolidate and abolish county offices and agencies, and to allocate functions and privileges among them.
Section 59.025 (2), Stats., provides in part that: *Page 236 
 ". . . The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county . . . ."
While sec. 59.07 (135), is an enactment of statewide concern, it is not one which "shall with uniformity affect every county" within the meaning of sec. 59.025 (2), Stats. It is discretionary with each county board whether to establish a solid waste management system. Section 59.07 (52), Stats., provides for substantial variance for counties over 500,000 population, and sec. 66.24 (8), Stats., authorizes metropolitan sewerage districts to exercise the powers granted to county boards under sec. 59.07 (135), Stats., in certain cases. See secs. 66.20-66.26 and sec. 59.96, Stats.
Therefore, a county board which has created a solid waste management board could, pursuant to sec. 59.025 (3) (b) and (c), Stats., abolish such board or transfer some or all of its functions, including functions specified under sec. 59.07 (135), Stats., to another agency, including a committee of the board. In other words, the county board has the power to remove some of the powers enumerated in sec. 59.07 (135), Stats., from an established solid waste management board.
Because the powers granted by sec. 59.025, Stats., are in addition to all other grants, and limited only by express statutory language, the powers of county boards in creating solid waste management boards are properly considered in light of sec. 59.025, Stats.
Section 59.025 (3) (a), Stats., allows the county board to "Create any county . . . board . . . it deems necessary to administer functions authorized by the legislature." No express language of sec. 59.07 (135), Stats., requires that a solid waste management board exercise all the powers and duties enumerated in that statute. Therefore, consistent with the terms and purpose of sec. 59.025, Stats., it is my opinion that a county board may establish a solid waste management board having only such of the powers enumerated in sec. 59.07 (135), Stats., as it deems necessary to administer the solid waste management of the county.
BCL:WHW *Page 237