ED JACKAMONIS, Speaker State Assembly
You request my opinion as to the authority of the Department of Natural Resources (DNR) to assess a fee for firewood on state lands. You ask two central questions: Does the Department of Natural Resources have the authority to charge for firewood, and, if so, does DNR have authority to set the fees charged for the sale of firewood? In addition, you ask whether the Department must charge for firewood, and whether the DNR fee schedule is legal. *Page 24 
 D N R Authority To Sell Firewood
The Department of Natural Resources has the authority to sell firewood. Section 23.11, Stats., provides that DNR has responsibility for the care, protection and supervision of state forests, parks, fish hatcheries and all state lands not in the care of another governmental body. Sec. 23.11 (1), Stats. By sec. 28.05, Stats., the Legislature provided DNR with authority to sell forest products removed in cultural or salvage cuttings and set out a procedure by which they could be sold. Section28.05 (1) and (2), Stats., provides:
 (1) LIMITATIONS. Cutting shall be limited to trees marked or designated for cutting by a forester in the professional series of the state classified civil service or by a department-designated employe equally qualified by reason of long, practical experience. The department may sell products removed in cultural or salvage cuttings and standing timber designated in timber sale contracts, but all sales shall be based on tree scale or on the scale, measure or count of the cut products.
 (2) PROCEDURE. Sales of cut products or stumpage having an estimated value of $500 or more shall be by public sale after publication of a class 2 notice under ch. 985, in the county wherein the timber to be sold is located. Sales with a value of $1,000 or more shall require approval by the secretary.
This law granting the DNR authority to sell forest products is consistent with other statutory provisions. Section 28.01, Stats., states that the DNR shall execute all matters pertaining to forestry within the jurisdiction of the state. Section 28.04
(1), Stats., provides that the primary use of forests is silviculture and that forests are productive properties which provide employment, commodities essential to consumers' needs and returns on investment. Since the Legislature has declared forests to be productive properties, it is consistent that the administering agency, the Department of Natural Resources, also be given authority to sell these products. This has been done pursuant to sec. 28.05. Stats.
Administrative agencies have authority to act within the confines of the statutes. Where the Legislature has set forth the essential features of a law, an administrative agency can exercise the administrative authority to carry it into effect.Milwaukee v. Sewerage Commission, *Page 25 268 Wis. 342, 67 N.W.2d 624 (1954). In Peterson v. NaturalResources Board, 94 Wis.2d 587, 288 N.W.2d 845 (1980), the Wisconsin Supreme Court said that an administrative agency "has only those powers which are expressly conferred or fairly implied from the statutes under which it operates." Id. at 592. Section28.05, Stats., expressly confers on the DNR the authority to sell firewood and to set the fees for such sale. Sections 23.11, 28.01
and 28.04, Stats., are in accord. The Wisconsin Legislature, by these statutes, has stated that forests are to be productive properties and has provided DNR the authority to sell the results of this production.
In requesting this opinion, concern has been expressed that the DNR, by charging for firewood, was disregarding legislative intent, since the Legislature's Joint Finance Committee withdrew funding from the Department's proposed wood energy program, which would have been in charge of selling the wood. However, the committee action dealt with funding for a new program and did not expressly or by implication repeal the statutes authorizing DNR sale of firewood.
For the 1981-1983 biennium the Governor requested that the Legislature provide funding of $490,000 and 5.0 positions to establish a state Wood Energy Program in which wood residues currently wasted during timber harvest, or timber which is not merchantable for other purposes, would be made available as fuel. The Legislature's Joint Finance Committee recommended the elimination of the funding and the positions for the program. See
1981-1983 Wisconsin State Budget, Comparative Summary of Budget Recommendations of Governor and Joint Committee on Finance, Assembly Substitute Amendment I to Assembly Bill 66, Volume II, Legislative Fiscal Bureau (June, 1981), pages 582-83. The money and the positions were eliminated as no provision is made including them in the budget. See Executive Budget Bill, 1981 (ch. 20, Laws of 1981).
A legislative committee's recommendation that funding and personnel be withdrawn from this proposed DNR program does not remove or modify DNR's existing authority pursuant to sec. 28.05, Stats., to sell firewood. The committee recommendation is certainly not an express repeal of sec. 28.05, Stats. That would require the abrogation or annulling of sec. 28.05, Stats., by the enactment of a subsequent statute declaring that section to be revoked and abrogated. Heider v. Wauwatosa, 37 Wis.2d 466, 478,155 N.W.2d 17 *Page 26 
(1967). Nor is the committee recommendation an implied repeal of sec. 28.05, Stats. Repeal by implication would occur if a subsequent statute were enacted containing provisions so contrary to or irreconcilable with those of sec. 28.05, Stats., that only one of the two statutes could stand in force. Heider,37 Wis.2d at 478. In this case, there is no such subsequent statute. In those instances where there is one, the Wisconsin Supreme Court has said: "Implied repeal of statutes by later enactments is not favored in statutory construction. All statutes passed and retained by the Legislature should be held valid unless the earlier statute is completely repugnant to the later enactment."State v. Zawistowski, 95 Wis.2d 250, 264, 290 N.W.2d 303 (1980).
There Is No Requirement That DNR Sell Firewood
You ask whether DNR must sell firewood. The answer is no. While the sale of firewood is clearly authorized by sec. 28.05, Stats., it is not required. If DNR had to sell firewood, the second sentence of sec. 28.05 (1), Stats., rather than providing that "[t]he department may sell products . . ." would no doubt read "[t]he department shall sell products. . . ." Further indication that the Department is not directed to sell firewood is the use in sec. 28.05 (1), Stats., of the word "shall" in requiring DNR to limit cutting to properly marked trees, as contrasted with the use in the same subsection of the word "may" in authorizing DNR to sell timber products. A standard rule of statutory construction applies to precisely this situation:
 Generally, the word "may" is permissive when used in the statute, and this is especially true where the word "shall" appears in close juxtaposition in other parts of the same statute. . . . The general rule is that the word "shall" is presumed mandatory when it appears in a statute.
Scanlon v. Menasha, 16 Wis.2d 437. 443, 114 N.W.2d 791 (1962).
You pose several questions regarding DNR permits for firewood, namely, whether DNR has to charge for firewood permits and if DNR has the authority to charge for firewood permits. In responding to these questions, a distinction must be drawn between the firewood, for which DNR imposes a charge, and the permits for firewood, for which there is no charge. *Page 27 
 DNR Is Not Required To Charge For Firewood Permits
DNR does not have to charge for firewood permits. There is no such statutory requirement. Further, the Department rules requiring that a permit be obtained prior to removal of firewood do not specify that a charge be imposed for a permit. SectionNR 45.01 (1) and (2) Wis. Adm. Code. makes it unlawful for any person to remove any state property from land under the management, supervision and control of the DNR, but there is no requirement in chapter NR 45 Wis. Adm. Code that a charge for such a permit be imposed, and, in fact, DNR does not charge for firewood permits.
 DNR Has Authority To Set Fees Charged For The Sale of Firewood
DNR does have the authority to set the fees charged for firewood and for firewood permits. As explained above, sec.28.05, Stats, provides the authority. DNR does not charge for the permits themselves, but does charge for the firewood. Section28.05 (2), Stats., details the procedure to be used when the wood has an estimated value of $500 or more. DNR's authority to set fees for sales of firewood valued at less than $500 is fairly implied from sec. 28.05, Stats. See Peterson v. NaturalResources, 94 Wis.2d at 592. In other words, authority for sale is granted by sec. 28.05, Stats. Authority to set fees for firewood having an estimated value of $500 or more is expressly set forth in sec. 28.05 (2), Stats., which specifies how the fee is to be determined. Fairly implied from sec. 28.05, Stats., is the authority for the DNR to determine the procedure it will use in setting the fee for the sale of firewood having an estimated value of less than $500.
There Is No DNR Fee Schedule For The Sale of Firewood
Finally, you ask about the legality of the fee schedule imposed by DNR for the sale of firewood. There is no fee schedule. All surplus wood is appraised and the wood is sold by advertised public auction or negotiated direct sale, depending upon the demand for firewood in the area. Where demand for fuel wood exceeds available wood supply, the sales are advertised publicly. Where supply exceeds demand, the sale may be by negotiated direct sale. Such practice does result in different prices being paid for firewood in different sections of the state. This is a reflection of the law of supply and *Page 28 
demand in the marketplace. It is also in accord with sec. 28.05, Stats., which provides for public sale.
BCL:SBW