174 So. 782

## CITY OF SHEFFIELD v. GENERAL EXCHANGE INS. CORPORATION.

### 8 Div. 762.

Supreme Court of Alabama.

April 15, 1937.

Rehearing Denied June 17, 1937.

Stockton Cooke, Jr., White & McDonnell, and W. F. McDonnell, all of Sheffield, for appellant.

W. H. Mitchell, of Florence, amicus curiæ.

F. W. Davies and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellee.

BOULDIN, Justice.

By this action the City of Sheffield seeks to recover of General Exchange Insurance Corporation amounts alleged to be due as privilege or excise taxes on gross premiums collected on insurance policies issued in connection with sales of automobiles in Sheffield on the installment plan.

The claim is based on the same ordinance, and enabling statute (Gen.Acts 1927, p. 148, § 3), considered and applied in City of Sheffield v. Home Insurance Company, ante, p. 382, 174 So. 779, this day decided.

The cases differ only as to details. General Exchange Insurance Corporation, organized under the laws of New York, with full power to transact a fire insurance business, qualified, as a foreign corporation, to do such business in Alabama.

Primarily, said company is engaged in insuring automobiles financed at retail by General Motors Acceptance Corporation, which is engaged in buying conditional sales contracts on automobiles sold on the installment plan.

The course of business is briefly this:

The local automobile dealer in Sheffield sells an automobile on the installment plan. The purchaser executes a conditional sale contract, which authorizes the seller to insure the automobile at purchaser's expense for the protection of the purchaser, the seller, or the seller's assignee. The premiums, with other items, are included in the installments payable under the conditional sale contract.

The conditional sale contract, and accompanying documents, including the "Dealer's Recommendation, Assignment and Guaranty," are forwarded to the Birmingham office of General Motors Acceptance Corporation. If approved, the Acceptance Corporation makes application to the Birmingham office of General Exchange Insurance Company for the policy of insurance, pays to the insurance company the premiums, and thereupon the duly licensed agent of the insurance company, resident in Birmingham, issues the policy from the Birmingham office and mails same to the purchaser's address.

The Insurance Company has no local agent in Sheffield writing this nor other class of fire insurance. The Birmingham agent notes and checks the risk from information supplied by the Acceptance Corporation in Birmingham. Adjustment of losses are made through agents or adjustors sent through the Birmingham office.

It is obvious, however, that the transaction, or series of related transactions, resulting in the issuance of the policy, has its beginning in Sheffield and culminates in the issuance of a policy on a car sold in Sheffield and there located at the time.

While the application for the policy comes to the Insurance Company from the Acceptance Corporation, this is merely a follow up of the transaction between dealer and purchaser in Sheffield. While the Acceptance Corporation pays the premium, this is because of the obligation of the purchaser, guaranteed by the dealer, to make payment of the premium as per the conditional sale contract, assigned to the Acceptance Corporation. The risk is taken on property located in Sheffield; the profits, if any, are derived through the premiums ultimately paid by the purchaser in Sheffield. The insurance business grows out of, and is directly related to, the automobile sales business in Sheffield.

The statute authorizes municipal taxes on gross premiums only in the municipality where the property insured is located. No

such tax could therefore be collected in Birmingham. Neither the place where the policy is issued in the usual sense nor the precise moment when the policy may become effective is controlling.

That the Acceptance Corporation, was not bound to accept the conditional sale contract, nor the insurer bound to write the policy, is not important. The policies involved are those which were issued pursuant to a course of business, in which the several parties participated.

Neither do we consider the want of an agent in Sheffield writing fire insurance a controlling factor.

For the purposes of a privilege tax based on gross premiums, we think the policies here involved represented business in Sheffield. The principles and authorities discussed in City of Sheffield v. Home Insurance Co., supra, we think applicable here.

This cause is reversed on the authority of that case.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.