171 P.2d 863

**STATE v. GROSECLOSE.**

No. 7278.

Supreme Court of Idaho.

June 27, 1946.

Frank Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., and Frank F. Kimble, Pros. Atty., of Orofino, for appellant

Paul W. Hyatt, of Lewiston, for respondent.

BUDGE, Justice.

Respondent was charged in a criminal complaint in the Probate Court of Clearwater County with a misdemeanor, the charging part being as follows:

" * * * who then and there being and between the said 2d day of January or thereabouts and the 30th day of January, 1945 and in the vicinity of Ahsahka, within said county, an unincorporated community and as the owner, driver or possessor of cattle did permit the same to be at large in a lane, street, square or lot in the vicinity of the unincorporated village of Ahsahka *without proper care and attention* contrary to the form, force and effect of the statute in such case made and provided." (emphasis supplied)

Respondent demurred to the complaint upon the following grounds:

"I. That the facts stated in said complaint do not constitute a public offense. * * *

"III. That if said complaint purports to charge the defendant with an offense under Section 17-4209, I.C.A., that such statute is void for uncertainty * * * and is also unconstitutional and void under the provisions of Article I, Section 13 of the Idaho State Constitution, and Section 1 of the Fourteenth Amendment to the United States Constitution, * * * and said statute is also void under Article I of Section 1 of the Idaho Constitution, * * * "

The probate court overruled the demurrer, whereupon the cause was tried to the court without a jury, resulting in respondent's conviction. From the judgment entered, respondent appealed to the district court. From the record it appears that the district court sustained the demurrer to the complaint on the 30th day of August, 1945, granting the State ten days to amend the complaint. No amended complaint was filed within the time granted, whereupon the court entered the following order:

"The above entitled matter having been presented to the Court upon the demurrer of the defendant on the grounds of the unconstitutionality and indefiniteness of the statute of Idaho, Sec. 17-4209, I.C.A., under which the action was brought, and no amended complaint having been filed:

"Now therefore it is ordered, adjudged and decreed That the action of the State of Idaho against Marion Groseclose for violation of Sec. 17-4209, I.C.A. be and the same is hereby dismissed *on the grounds of indefiniteness of the statute.* There is hereby granted to the plaintiff an exception to the said ruling." (Emphasis supplied.)

From which action of the court the State appealed.

Under the assignments of error two questions are raised: (1) Did the court err in sustaining the demurrer to the complaint and dismissing the action? (2) Did

the court err in dismissing the action on the ground of indefiniteness of the statute?

We will discuss the assignments in inverse order.

Section 17-4209, I.C.A., was originally sec. 7154, Rev.Codes, and was amended by the legislature in 1909, S.L.1909, p. 175. The intention of the legislature is clearly apparent from an examination of the statutes, supra, having to do with malicious injuries and cruelty to animals.

It is a well known rule of law that all statutes must be liberally construed with a view to accomplishing their aims and purposes and attaining substantial justice. Parsons v. Wrble, 21 Idaho 695, 123 P. 638. In construing legislative acts it is not the business of the court to deal in any subtle refinements, but it is its duty to ascertain, if possible, from a reading of the whole act, and amendments thereto, the purpose and intent of the legislature and give force and effect thereto. Swain v. Fritchman, 21 Idaho 783, 125 P. 319.

The section of the statute, 17-4209, supra, under which this prosecution was had, provides:

"Every owner, driver or possessor of any animal, who shall permit the same to be in any building, inclosure, lane, street, square or lot of any city, county or precinct, without proper care and attention, shall, on conviction, be deemed guilty of a misdemeanor. * * * "

Just what the words "without proper care and attention" in the statute mean may well cause a difference of opinion, but the mere fact that there may be a difference of opinion as to the meaning of language used in a statute does not render it too vague or uncertain to be enforceable. Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105. The use by the Legislature of the language "without proper care and attention" negatives "proper care and attention." " 'Proper care' being that decree of care which a prudent man would use under like circumstances and charged with a like duty." Bechtler v. Bracken, 218 N.C. 515, 11 S.E. 2d 721.

" * * * where the statute either makes an act unlawful or imposes a punishment for its commission, this is sufficient to make the act a crime without any express declaration to that effect." 16 C.J. 68, sec. 29.

Construing the statute in the light of the intention of the legislature, sec. 17-4209, I.C.A., makes it a misdemeanor where any owner, driver or possessor of any animal, who shall permit the same to be in any building, inclosure, lane, street, square, or lot of any city, county or precinct without proper care and attention, and upon conviction deemed guilty of a misdemeanor. The statute make any of the above enumerated unlawful acts a crime, and imposes a punishment.

" 'A statute cannot be held void for uncertainty, if any reasonable and practical construction can be given to its language.' * * * 'If the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution.' " People v. Smith, 36 Cal.App.Supp.2d 748, 92 P.2d 1039, 1041.

"A doubt as to the constitutionality of an act should be resolved in its favor, and to declare it unconstitutional it must clearly appear to be so. (Ingard v. Barker, 27 Idaho 124, 147 P. 293; 25 R.C.L. p. 1000, § 243.) It is the duty of the court to adopt such construction as will sustain the statute, if its language will permit. Where an act is fairly susceptible of two constructions, one of which will uphold its validity, while the other will render it unconstitutional, the former should be adopted." Smallwood v. Jeter, 42 Idaho 169, 182, 244 P. 149, 152.

 The statute under consideration was duly enacted to prevent and punish malicious injuries and cruelty to animals, and should not be held so indefinite or uncertain as to render it unconstitutional for the reason that it is susceptible of different constructions, and particularly is this true where, as here, the legislative intent is clearly expressed. As was said in Gallafent v. Tucker, 48 Idaho 240, 244, 281 P.

375, 376, when the intent and purpose of the legislature is determined:

"The rule of interpretation to be followed is that the question is one of legislative intent, 'and the courts will look to the language of the statute, the subject matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment; and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold and will construe the statute accordingly.' "

"In construing a statute, it is the duty of the court to consider the reason for the law, its object, and purpose, so as to ascertain and render effective the legislative intent. Steinour v. Oakley State Bank, 32 Idaho 91, 177 P. 843; Turner v. Roseberry Irr. District, 33 Idaho 746, 198 P. 465; Weaver v. Rambow, 37 Idaho 645, 217 P. 610; Gallafent v. Tucker, 48 Idaho 240, 281 P. 375; State v. Holder, 49 Idaho 514, 290 P. 387; 59 C.J. 943; 25 R.C.L. 1012." Lebrecht v. Union Indemnity Co., 53 Idaho 228, 236, 22 P.2d 1066, 1069, 89 A.L.R. 640.

" * * * if a reasonable intent of the Legislature can be arrived at, the court should so construe the act as to arrive at such intention rather than an absurdity. To accomplish this purpose, words may be changed, not to legislate, but to arrive at what the legislature intended to enact. 'Especially will this be done when it is nec-

essary to prevent a law from becoming a nullity.'" State v. Holder, 49 Idaho 514, 290 P. 387, 389.

"In Black on Interpretation of Laws, p. 76, § 33, it is said: 'And another important and useful rule is that, where a general policy or purpose is plainly declared in a series or system of statutes, any special provisions in any of the statutes should, if possible, be given a construction which will bring them in harmony with that policy or purpose.'" State v. Bowman, 40 Idaho 470, 235 P. 577, 578.

"Mr. Sutherland on Statutory Construction, vol. 2, sec. 363, lays down the rule of law as follows: 'The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent. "The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute," * * * "Intent is the spirit which gives life to a legislative enactment." "In construing statutes the proper course is to start out and follow the true intent of the legislature and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature."'" Empire Copper Co. v. Henderson, 15 Idaho 635, 99 P. 127, 128.

We think no other logical conclusion can be reached than to hold that the court erred in sustaining the demurrer upon the ground that the statute was so indefinite as to be unconstitutional and void, and in violation of the provisions of the State and Federal Constitutions.

We come now to the first assignment of error, that the facts stated in said complaint do not constitute a public offense.

It is generally held that an information or criminal complaint in the language of the statute is sufficient. State v. Huff, 56 Idaho 652, and cases therein cited at page 656, 57 P.2d 1080. However, under the provisions of sec. 17-4209, supra, a conviction may be had where an owner, driver or possessor of any animal, who shall permit the same to be in any building, or who shall permit the same to be in an inclosure, or in a lane, or a street, square or lot in any city, county or precinct without proper care and attention shall, on conviction, be guilty of a misdemeanor. In other words, there are numerous acts prohibited and punishable. In order that the respondent be fully informed of the nature of the particular charge against him, the charge in the exact language of the statute was not sufficient. In order that it be sufficient, it was necessary for the pleader to specifically and clearly set forth all the elements necessary to constitute the commission of the particular offense intended to be punished, and the material facts and circumstances embraced in the definition of the offense. If the necessary elements of the offense are not embraced in the statutory definition they must be added by other

averments. 42 C.J.S., Indictments and Informations, § 139, subsecs. b, c, and d, pp. 1036–1041.

"Where a statute creates an offense composed of different ingredients, and in the same statute makes each one of those constituents a distinct offense, it is necessary, in defining and making out the offense in a charge, that the particular constituent or constituents relied on be specified with sufficient accuracy to enable defendant to meet the charge and raise it as a bar to a subsequent prosecution." State v. Williams, 14 Tex. 98; 31 C.J. sec. 261, p. 711.

As was said in State v. Bowman, supra:

"The accused is entitled to a statement of the facts relied upon, and if these are not contained in the statute denouncing the offense they must be supplemented by the pleader drawing the indictment or information." See, also, State v. Johnson, 54 Idaho 431, 32 P.2d 1023.

In State v. Topham, 41 Utah 39, 123 P. 888 at page 890, it is said:

"The Supreme Court of California well expressed the rule in People v. Perales, 141 Cal. 581, 75 P. 170, in the following language: 'While it is the general rule that it is sufficient to charge an offense in the language of the statute, yet this rule is subject to the qualification that, where a more particular statement of facts is necessary in order to charge the offense definitely and certainly, it must be made. The statute may, and often does, define the offense by the use of precise and technical words which have a well-recognized meaning or designates and specifies particular acts or means whereby an offense may be committed. Under such circumstances, to charge the offense substantially in the language of the statute will be sufficient. When, however, the words or terms used in the statute have no technical or precise meaning, which of themselves imply the offense, or where the particular facts or acts which shall constitute it are not specified, but, from the general language used, many things may be done which may constitute an offense, it is then necessary, in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged or one over which it has jurisdiction, and so that the defendant may be advised of the particular nature of it in order to defend against it, and to plead in bar a judgment of conviction or acquittal thereof, if subsequently prosecuted.' "

■ The trial court was correct in ruling on the demurrer and in its order wherein it is stated, inter alia:

"It appearing to the satisfaction of the undersigned Judge of the above entitled court that the facts may justify the filing of a new information or complaint, the

plaintiff is hereby given ten days from and after the filing of this order in which to prepare said amended complaint and, unless an amended complaint is so filed, said action shall be dismissed."

The complaint being insufficient, as above pointed out, in that it did not specifically allege sufficient facts, and no amendment having been made within the time allowed, the action was subject to dismissal, but not upon the ground that the statute was indefinite, void and unconstitutional under the constitutional provisions heretofore referred to.

The order sustaining the demurrer upon the ground that the statute was indefinite, therefore unconstitutional, is reversed. The order sustaining the demurrer upon the ground that the complaint did not state facts sufficient to inform respondent of the specific offense charged against him, is sustained.

The cause is remanded to the district court with instructions to reinstate the action and permit the State to file an amended complaint in accordance with the views herein expressed.

GIVENS, HOLDEN, and MILLER, JJ., concur.

AILSHIE, C. J., did not sit with the court at the hearing nor participate in the decision.