MADISON BUS COMPANY, Respondent, vs. PUBLIC SERVICE COMMISSION, Appellant.

*March 31—May 5, 1953.*

For the appellant there was a brief by the *Attorney General* and *William E. Torkelson,* chief counsel for the Public Service Commission, and oral argument by *Mr. Torkelson.*

For the respondent there was a brief and oral argument by *R. J. Sutherland* of Madison.

GEHL, J.   The Madison Bus Company contends that the commission acted in excess of its power in entering the order conditioned upon the installation of the caution sign and the repair of the street, that the conditions are undetermined and indefinite, that the condition as to the sign "might well embrace consideration of various types and locations of a traffic-caution sign, and its efficacy as to safety in respect to the turn involved," and that the condition as to paving "involves question of width and quality of paving, and facility of bus movement, and stopping places to take on and discharge passengers."

The trial court agreed that the commission has power to make orders which become operative upon a condition subsequent, but held that those here imposed were not sufficiently definite and certain.

What is said in *Sproles v. Binford* (1932), 286 U. S. 374, 393, 52 Sup. Ct. 581, 76 L. Ed. 1167, where a statute was attacked for lack of definiteness, is applicable:

"The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. . . . The use of common experience as a glossary is necessary to meet the practical demands of legislation."

In the construction of statutes it is generally held that they should not be held to be too indefinite to be operative because they contain terms not susceptible of exact meaning, or are imperfect in their details, or where they employ words commonly understood. 50 Am. Jur., Statutes, p. 489, sec. 473. A statute should not be pronounced void for uncertainty if it is susceptible of any reasonable construction. *Wentworth v. Racine County* (1898), 99 Wis. 26, 74 N. W. 551. No reason appears why these rules should not be applied to orders of an administrative agency. They should be given effect if by any reasonable rule of construction they are capable of administration and enforcement.

The orders of the Public Service Commission are *prima facie* valid, and they must be shown to be otherwise by clear and satisfactory evidence. *Halsey, Stuart & Co. v. Public Service Comm.* (1933), 212 Wis. 184, 248 N. W. 458. That showing has not been made here. The description of the caution sign to be erected on Seminole highway is not obscure; it must be read as contemplating a sign bearing the word "Slow" and equipped with a flashing light. Signs of that general description are commonly used and sufficiently alike in size and appearance as to make the description rather clear. While its location is not precisely fixed by the order, when its purpose and efficacy are considered, there can be no substantial variation in the opinions of those affected by the order as to its proper and efficient location. Nor can we say that the condition that a portion of the street be

repaired, paved, is indefinite. Professional knowledge and experience are not required for the interpretation of the word "pave." It is a word commonly understood.

We find nothing indefinite in the provisions of the conditions of the order.

*By the Court.*—Judgment reversed.