113 So.2d 147

### MOTORS INSURANCE CORPORATION

v.

### CITY OF BIRMINGHAM.

6 Div. 192.

Supreme Court of Alabama.

May 21, 1959.

Rehearing Denied June 25, 1959.

Marvin Williams, Jr., Davies, Williams & Wallace, Birmingham, for appellant.

J. M. Breckenridge, Birmingham, for appellee.

Deramus, Fitts, Johnston & Mullins, Birmingham, amici curiæ.

LAWSON, Justice.

In regard to municipal licenses, the Legislature has divided insurance companies into two classifications, (1) fire and marine insurance companies and (2) insurance companies other than fire and marine. §§ 736, 739, Title 37, Code 1940. The Code sections just cited prescribe a ceiling on the amount of the license or privilege tax which a municipal corporation may levy on such insurance companies.

During the period of time here involved, 1949–1953, inclusive, there was in force and effect in the City of Birmingham license schedules which read substantially as follows:

138. "Insurance Companies—Each insurance company other than fire, marine and fraternal, $50.00 plus $1.00 on each $100.00 and major fraction thereof of gross premiums, less returned premiums on policies issued during the preceding year to citizens of the City of Birmingham, * * *."

139. "Insurance Companies—Fire and Marine—Each fire insurance company $2.50 on each $100.00 of gross premiums, less return premiums received on policies issued during the preceding year on property located in the City of Birmingham, * * *."

For each of the years in question Motors Insurance Corporation, hereafter referred to as Motors, paid to the City of Birmingham the license or privilege tax required by the ordinance applicable to insurance companies other than fire and marine. Such licenses were issued by the city on application filed by Motors to the effect that it was not a fire or marine insurance company.

In this suit filed in the Circuit Court of Jefferson County, in equity, by the City of Birmingham against Motors the city contends that Motors is a fire insurance company within the meaning of the applicable statutes and ordinances and should have paid to the city for each of the years here involved the license or privilege tax required by the schedule applicable to fire insurance companies.

The trial court held that Motors should have paid to the city the license required of fire insurance companies and rendered a decree in favor of the city and against Motors in an amount equal to the difference between the cost of fire insurance company licenses for the years in question and the amount paid by Motors to the city for the other licenses which it obtained, plus interest. The trial court further decreed that unless Motors paid the amount decreed to be due within a specified time an injunction would issue upon application of the city enjoining and restraining Motors from continuing its business within the corporate limits of the City of Birmingham. From that decree Motors has appealed to this court.

The remedy in equity, including injunctive relief, is not here questioned. See Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363. An examination of the original record in the Gotlieb case shows that the decree there reviewed is in substantially the same form as the one presently under consideration.

■■ There is no merit in the grounds of Motor's demurrer to the effect that Schedule 139 is void because the meaning of the term "fire insurance company" is not therein specifically defined. State v. Shapiro, 131 Md. 168, 101 A. 703; Mims v. City of Fort Worth, Tex.Civ.App., 61 S.W.2d 539. Mere difficulty of ascertaining its meaning or the fact that it is susceptible of different interpretations will not render a statute or ordinance too vague or uncertain to be enforced. State v. Groseclose, 67 Idaho 71, 171 P.2d 863; Pacific Coast Dairy v. Police Court, 214 Cal. 668, 8 P.2d 140, 80 A.L.R. 1217; Madison Bus Co. v. Public Service Commission, 264 Wis. 12,

58 N.W.2d 463; Smith v. Peterson, 131 Cal.App.2d 241, 280 P.2d 522, 49 A.L.R.2d 1194. See City of Birmingham v. Home Ins. Co., 29 Ala.App. 559, 198 So. 713; reversed on other grounds, City of Birmingham v. Home Ins. Co., 240 Ala. 195, 201, 198 So. 716, 723.

■ It is strenuously insisted that the trial court erred in holding that Motors is a fire insurance company within the meaning of the pertinent ordinances and statutes.

There is no dispute in the evidence that the only kind of insurance written by Motors in the City of Birmingham or anywhere else since it was organized is what is known as automobile physical damage insurance. This type of insurance generally covers the risk of loss by fire, theft and collision and includes what is usually referred to as comprehensive coverage.

Motors asserts that automobile physical damage insurance long ago became a separate branch or class of insurance from that generally referred to as fire insurance and that automobile insurance is so essentially different from the ordinary fire insurance policy that a company which issues only that kind of insurance cannot properly be classified as a fire insurance company, even though the risks assumed by such a company include the risk of loss to the automobile by fire.

That statement is not consistent with the position heretofore taken in the courts of this state by General Exchange Insurance Corporation which, like Motors, was organized by General Motors Corporation as a fire insurance company under the laws of the State of New York, with charter powers sufficient to authorize the writing of all the types of insurance normally written by fire insurance companies and which, like Motors, sold only automobile physical damage insurance.

In 1935 the City of Sheffield brought suit to recover of General Exchange Insurance Corporation amounts alleged to be due as privilege or excise taxes on gross premiums collected on insurance policies issued in connection with sales of automobiles in Sheffield on the installment plan. The city's claim was based on its ordinance imposing a license on "all fire and marine insurance companies" and on § 3(b) of the General Revenue Act of 1927, which contained the same classifications of insurance companies as do our §§ 736 and 739, Title 37, Code 1940. General Acts 1927, pp. 139, 149–150. An examination of the original transcript in that case shows that General Exchange Insurance Corporation stipulated in part as follows:

"1. The City of Sheffield, a municipal corporation organized and existing under the laws of the State of Alabama, has duly passed an ordinance levying a license tax on insurance companies for 1935, copy of which ordinance is attached to this stipulation of facts marked Exhibit 'A', and expressly made a part hereof. The City of Sheffield has duly passed and published a similar ordinance for the years 1931 to 1934 inclusive. While said ordinance provides 'all fire and marine insurance companies shall pay 4% of the gross premiums' it has been the practice of the City to require the payment of only 2½% of the gross premiums.

"2. Defendant, General Exchange Insurance Corporation, a corporation engaged in the fire insurance business and organized under the laws of the State of New York was fully qualified to transact a fire insurance business as a foreign corporation in the State of Alabama in September 1925, has been so duly qualified ever since, and all of its agents through which all of its business in Alabama has been transacted have been duly licensed by the State of Alabama."

We do not consider the case of City of Sheffield v. General Exchange Insurance Corporation, 234 Ala. 386, 174 So. 782, as determining the status of Motors. We recognize that they are two separate and distinct corporations. The case is significant,

however, in that it refutes entirely, we think, the insistence of able counsel for Motors to the effect that it cannot be reasonably asserted that a company which issues and sells only automobile physical damage insurance is a fire insurance company within the meaning of § 739, Title 37, and municipal ordinances enacted under the authority of that section.

The position taken by Motors to the effect that it is not reasonable to classify it as a fire insurance company for the reason that it issues and sells only automobile physical damage insurance is also refuted by Motors' own conduct. In each of the years involved in this litigation Motors represented to the State Department of Insurance by sworn statements that it was a "fire or marine" insurance company and thereby paid a premium tax of 1½% on gross premiums instead of 2½% as required of insurance companies other than fire and marine. § 816, Title 51, Code 1940, as amended by Act 156, approved June 23, 1945, General Acts 1945, p. 196. We are not here concerned with later amendments to § 816, supra. We do not wish to be understood as indicating that such conduct on the part of Motors operates as an estoppel against it in this case. However, such conduct can be considered as an admission by Motors that it is in fact what its charter says it is, a fire insurance company.

The position taken by Motors is also without support in the testimony in this case which came from expert witnesses. Two witnesses called by the city, both of whom were shown to have had long experience in the insurance field, testified to the effect that automobile physical damage insurance has been written consistently by fire insurance companies, and that a company which writes automobile physical damage insurance falls within the broad classification of an insurance company which writes fire and allied lines.

We see no occasion to deal in this opinion with the history of all of the statutory provisions involved, although we have given careful consideration to the detailed analysis made of those provisions in the able briefs filed here by the parties and those filed amicus curiae.

The question as to whether or not Motors is properly classified as a fire insurance company within the meaning of the applicable statutes is not free of difficulty. However, after a careful perusal of the record and the briefs filed by the parties, we have come to the conclusion that the trial court correctly held that Motors was liable to pay to the City of Birmingham for the years involved the license or privilege tax levied by that city against fire insurance companies.

■ The trial court did not commit reversible error in refusing to admit into evidence an opinion rendered by the Attorney General of Alabama on February 14, 1952, to the attorney for the City of Jasper relative to the amount of license which that city could exact from another insurance company. The opinion was available to the trial court in connection with his study of the legal questions involved, but it had no place in the evidence.

■ Appellant assigns as error the action of the trial court in refusing to admit in evidence appellant's Exhibits 8 and 9, which were specimen insurance policies, one of which was a standard fire insurance policy form used in Alabama and the other a personal property floater policy form. We do not regard these assignments as being insisted upon in appellant's brief, since in the brief there is found neither argument nor citation of authority in support of them. City of Boaz v. Kelley, 266 Ala. 690, 99 So. 2d 192; Davis v. State ex rel. Pettus, 264 Ala. 233, 86 So.2d 849.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.