149 So.2d 271

**CITY OF BIRMINGHAM**

**v.**

**Frank P. SAMFORD, Jr., et al.**

**6 Div. 667.**

Supreme Court of Alabama.

Jan. 17, 1963.

368

J. M. Breckenridge, Birmingham, for appellant.

Graham, Bibb, Wingo & Foster, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Jefferson County, Alabama, in Equity.

The Board of Managers of the Firemen's and Policemen's Supplemental Pension System, appellees, brought a declaratory judgment action against the City of Birmingham, appellant, to test the constitutionality of Act No. 556, Acts of Alabama 1959. Said act establishes the supplemental pension system for firemen and policemen who are members of any pension and relief system, or retirement and relief system, heretofore established or hereafter established under Act No. 929, Acts of Alabama 1951, p. 1579, and for whose benefit, the city by which they are employed makes no contribution or pays no tax to the United States of America under the Federal Social Security Act. It is alleged that at the time said Act No. 556 was enacted, there was in existence and operation in the City of Birmingham a pension system established under Act No. 929; that there are certain firemen and policemen employed by the City of Birmingham who are members of the pension system established by said Act No. 929, for whose benefit the City of Birmingham has never made, and is not now making, any contributions or paying any tax to the United States of America under the Federal Social Security Act.

Sec. 6 of Act No. 556, Acts of Alabama 1959, p. 1376, contains the following provisions:

"(a) For the purpose of the deductions from salary provided for in this Section 6 the salary of a fireman or policeman shall be deemed to be the same as his salary is for the purpose of payroll deductions provided for in Section 9 of Act No. 929, as heretofore or hereafter amended.

"(b) At the end of each payroll period subsequent to the effective date of this Act, the city shall deduct from the salary of each fireman or policeman for such payroll period an amount equal to two and 35/100 percentum (2.-35%) of his salary for such payroll period.

"(c) The city shall promptly pay each and every deduction of salary provided for into a Retirement and Relief Account hereinafter referred to as 'The Fund'. At the same time the city pays into the fund any deduction from the salary of any employee member, the city shall match such deduction by paying into the fund from its general and other appropriate funds an amount equal to the full amount of such deduction. The City Comptroller is specifically charged with the duty of making such deductions from salaries and of making such payments into the fund. * * *"

The appellees allege that the deductions as provided in said Act 556 have been made from the salaries of the firemen and policemen but that the City of Birmingham has refused to pay into the fund of the supplemental pension system the matching contributions alleged to be due and payable under Act No. 556.

The court below found in favor of the appellees and that the City of Birmingham must pay. The city appealed, asserting that the said Act 556 is unconstitutional and in violation of Sec. 106 of the Constitution of Alabama 1901, in that the Act is a local act and not advertised as required, and further, that said Act violates Sec. 45 of the Constitution of Alabama, and that said Act is bad for double classification.

The title to Act No. 556 reads as follows:

"To establish a pension and relief or retirement and relief system for firemen and policemen who are members of any pension and relief or retirement and relief system heretofore established or hereafter established under Act Number 929 of Legislature of Alabama of 1951, Approved September 12, 1951 (Acts of Alabama 1951, page 1579 et seq. as amended) and on whose account, or for whose benefit, the city by whom they are employed makes no contribution, or pays no tax, to the United States of America under the Federal Social Security Act; to provide certain disability benefits for such

firemen and policemen and also certain benefits for the widows and children of any such firemen or policemen who die; to make provisions for a supplemental retirement benefit for such firemen and policemen, if and when said Act No. 929 is amended as stipulated in this act; to provide that from the funds of the system established by this act certain payments shall be made to the fund of the system established by said Act No. 929, subject to said Act No. 929 being amended so as to authorize the Board of Managers of the system created by said Act Number 929 to receive said payments; to establish a Board of Managers for the pension system hereby created and to provide for the method of selection of the said board and to define the power, authority and duties of the said Board of Managers; to provide for the actuarial study, investigation and report showing the probable ability or inability of the fund hereby created to meet the benefits provided for by the system created by this Act; to provide for paying from funds of the system expenses incurred in securing any such actuarial study, investigation and report; to provide that at least sixty days prior to the convening of the Regular Session of the Legislature of Alabama of 1961 the Board of Managers shall present to each member of the House of Representatives and of the Senate of the Legislature of Alabama residing in any county or Senatorial District wherein there is established any pension system provided for by this Act the report and survey of a competent actuary stating his opinion as to the ability of the funds and resources of the said system to meet the benefits provided, which said report or survey shall give such opinion separately and severally with respect to each of the said benefits, and which said report or survey shall contain the opinion of the said actuary as to whether he considers any change in the benefits necessary in order to assure solvency of the fund, and if so, what change or changes he considers necessary; and to provide that the Board of Managers shall present to the members of the House of Representatives and the Senator designated above a similar actuarial report or survey at least once every four years sixty days prior to the convening of a Regular Session of the Legislature of Alabama."

The title of Act No. 929, Acts of Alabama 1951, reads:

"To create or provide in or for each and every city of the State of Alabama having a population of two hundred and fifty thousand or more inhabitants according to the last or any succeeding federal census a pension and relief or retirement and relief system for officers and employees of such city and their widows and children; to make the provisions of such system retrospective as well as prospective; and, subordinately, to define officers and employees of the board of health of any county in which any such city may be located as officers and employees of such city for the purpose of retrospective and prospective application of the terms or provisions of such system."

In effect, Act No. 556 provides a supplemental pension and relief fund for firemen and policemen in cities of two hundred and fifty thousand or more inhabitants, and for whose benefit the city by whom they are employed makes no contribution or pays no tax to the United States of America under the Social Security Act.

This act is challenged as a local, not a general law, under Sec. 110 of the Constitution, and violative of Sec. 106, for want of published notice as therein required.

In passing upon the validity of the act in question, this court will, of course, indulge all presumptions and intendments in favor of its constitutionality, and will accord to the lawmaking body of the state

government sincerity of purpose and fairness in dealing with the people of the state. And we will not assume that the population classification was arbitrarily fixed, but rather their action, in the given instance, was fairly taken and had for the purpose of meeting conditions, that it honestly thought existed, or might exist, in the larger and more populous cities of the state, See Wages v. State, 225 Ala. 2, 141 So. 707.

■■ This court has long committed itself, in line with the holdings of other courts, to the proposition that population classification, made the basis for enactments, would be sustained in cases where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrarily. Acts passed as general laws, based upon such population classification, and meeting the above test, are valid in that respect, although at the time of their enactment they can and do only apply to one county or city in the state. Wages v. State, supra; Opinion of the Justices, 270 Ala. 38, 115 So.2d 464; Smith v. Lancaster, 269 Ala. 579, 114 So.2d 568; Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699; Reynolds, County Treasurer, v. Collier, 204 Ala. 38, 85 So. 465. But our cases make it equally clear that classification on a population basis cannot be made where the act presents a double classification or other limitations hedging it about so as to prevent its operation in all cities now or hereafter coming within the population classification or where future legislation is required to make the classification applicable to all cities. State ex rel. Shirley v. Lutz, 226 Ala. 497, 147 So. 429; Steber v. State, 26 Ala.App. 148, 155 So. 706, cert. den. 229 Ala. 88, 155 So. 708; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Ward v. State, 224 Ala. 242, 139 So. 416; Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; In re Opinion of the Justices, 256 Ala. 160, 53 So.2d 881.

■ We judicially know that at the present time the act is applicable only to the City of Birmingham. However, the question is: Can Act No. 556 apply to other cities which reach the named population without future legislation?

■ We are of the opinion that it can. As soon as a city reaches a population of two hundred and fifty thousand (250,000) or more, they mandatorily come under Act No. 929. See Sec. 5 of Act No. 929, Acts of Alabama 1951, Vol. II, p. 1583. So, the only other requirement for Act No. 556 to apply to cities of 250,000 or more is that their city employers make no contribution or pay tax to the United States of America under the Federal Social Security Act. Whether a city employer pays tax or makes contribution towards Social Security is a matter of an agreement and up to the vote of the firemen and policemen. Title 42, Sec. 418(d), U.S.C.A. There is no dependency on future legislation or amendment of present laws. So it appears that Act No. 556 can apply to every city of 250,000 population without the aid of future legislation, and there are no limitations hedging about Act No. 556 preventing it from applying to every city of 250,000 or more. All that would have to be done for Act No. 556 to apply to every city of 250,000 would be for the firemen and policemen of a city of such size to vote in favor of coming out from under the Federal Social Security. In re Opinion of the Justices, 269 Ala. 676, 115 So.2d 484, has application and should be noted here. In that opinion, the court held that a proposed bill which levied a license tax on the sale of alcoholic beverages and which applied to only counties of a population of 500,000 or more which were wet or thereafter became wet under Sec. 68, Title 29, Code 1940, was a general law. The classification in the Act in question is no more restrictive or multiple than the one considered in the Opinion of the Justices, supra.

■ The appellant also argues that the designation and title "Personnel Board" and "Personnel Director" as found in Sec. 4 of Act No. 556 refers only to the personnel board and personnel director under civil

service, and therefore since some cities over 250,000 may not have civil service, the said Act could not apply to every city having the said population.

This argument is not sound. One reason is that a city could have titles of "Personnel Board" and "Personnel Director" within their city government without having civil service. Also, if it should develop there is no such title or office of "Personnel Board" and "Personnel Director," then the principal governing body of the city may carry out the said provisions of Sec. 4 of Act No. 556. Act No. 929, supra, should be read in pari materia with Act No. 556, supra. In Sec. 4 of Act No. 929, Acts of Alabama 1951, p. 1583, "Personnel Board" is defined as "The board of control of any civil service system provided for the City by Statute, or, if at any time there be no such board of control, the principal governing body of the City." "Personnel Director" is defined as "The personnel director provided for the City by statute, or, if there be no such personnel director, the city clerk, the custodian or another as the Board may determine." Also, the Board of Managers under its general powers to control and manage the system, under Act No. 556, could appoint persons to perform the duties required. Therefore, the reference in Sec. 4 of Act No. 556 to "Personnel Board" and "Personnel Director" does not restrict the act to only cities which have civil service.

Appellant also argues that Act No. 556 violates Sec. 45 of the Constitution of Alabama which requires that the subject of an act be clearly expressed in its title.

In construing Sec. 45 of the Constitution of Alabama, this court has held that where there is a fair expression of the general subject of the act in its title, all matters reasonably related to it, including all necessary agencies or instrumentalities which facilitate the act's execution, are proper to be included as being cognate or germane to the title. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694; Norton v. Lusk, 248 Ala. 110, 26 So.2d 849; Dearborn v. Johnson, 234 Ala. 84, 173 So. 864; Woco Pep Co. of Montgomery v. Butler, 225 Ala. 256, 142 So. 509. The subject dealt with by the act is a supplemental pension system. Our judgment is that the subject is single and clearly expressed, that the title and the provisions embodied in the act are germane and cognate to the subject of the law.

Appellant also contends that Act No. 556 is void for uncertainty and indefiniteness. We have noted this contention of the appellant and we find that Act No. 556 is not so uncertain as to be void or so vague and indefinite as to be void. Mere difficulty of ascertaining its meaning or the fact that it is susceptible of different interpretations will not render a statute or ordinance too vague or uncertain to be enforced. Motors Insurance Corp. v. City of Birmingham, 269 Ala. 339, 113 So.2d 147; State v. Groseclose, 67 Idaho 71, 171 P.2d 863; Madison Bus Co. v. Public Service Comm., 264 Wis. 12, 58 N.W.2d 463. The questions posed by the appellant as to the meaning of certain parts of Act No. 556 can be resolved by a careful reading of the act and by the application of elemental rules of construction. The argument of appellant has no merit and the said act is not void for uncertainty.

It is, therefore, our considered opinion that Act No. 556 is a general law and that published notice of the act was not required, also that Act No. 556 is not void for uncertainty, nor does it violate Sec. 45 of the Constitution of Alabama 1901.

The ruling and decree of the lower court is due to be affirmed.

Affirmed.

All the Justices concur.