PIRE and others, Appellants, v. STATE AERONAUTICS COMMISSION, Respondent: WKBH TELEVISION, INC., Intervening Respondent.

*September 29—October 27, 1964.*

For the appellants there was a brief by *Ramsdell, King, Carroll & Barland* of Eau Claire, attorneys, and *J. Curtis McKay* of Milwaukee of counsel, and oral argument by *Mr. McKay* and *Mr. Thomas H. Barland.*

For the respondent the cause was argued by *George B. Schwahn,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the intervening respondent there was a brief by *Johns, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

HEFFERNAN, J.  The appellants are individual aviators, and they contend that:

1. The commission exceeded its delegated authority granted it by the legislature when it allowed consideration other than aeronautical safety to control the granting of a construction permit.

2. The action of the commission in rejecting the report of the hearing officer and the recommendations of its own staff violated the spirit of the Administrative Procedure Act.

3. Evidence was improperly excluded by the hearing officer to the prejudice of the appellants.

The essence of the appellants' first contention is that the decision of the commission was based upon economic factors, rather than upon the question of safety to air navigation.

Though economic information was submitted to the commission, at the very outset the hearing officer made it clear that the decision would be based upon the question of air hazards and not upon problems of economics as they might affect the television industry. The counsel for the commission objected to the introduction of economic evidence because it had no bearing on safety "or the primary cause of this hearing." The examiner stated that information as to economics was allowed to come in only for the purpose of showing the interest of the parties.

Since the decision of the commission is not based upon the economic evidence in the record, it is not necessary to reach that question in this appeal. The decision of the commission is supported by other evidence that the appellants concede is proper under the authority delegated to the commission. That evidence is the evidence concerning the hazard to air navigation. The fact is that the references to economic factors were merely incidental to the basic finding and decision of the commission that the proposed tower did not constitute an unacceptable hazard to the safe operation of aircraft.

Emphasis is placed upon the conduct and votes of the members of the commission at the meeting of the commission on December 16, 1962, when the report of Mr. Leonard, the hearing officer, was submitted to the entire commission.

Mr. Leonard's position, in accordance with his report, was that the tower was a hazard to air navigation.

Mr. Love stated he did not believe the tower to be an unacceptable hazard and that if the tower were denied, the commission would be limiting the right of the applicant to serve the public.

Mr. Cole stated he did not believe the tower was a hazard.

Mr. West, although he indicated that the commission had an obligation to television users, indicated that he disbelieved the pilots, who, in his words, "were against all towers." His

decision was based, therefore, upon a refusal to give credence to testimony that the proposed tower was a hazard.

Vice-chairman Olson objected to the consideration of the question at all, because he felt that he had not had sufficient time to study the record.

The circuit court, in analyzing the vote at this particular meeting, stated:

". . . we conclude that the majority of the commission by its decision, and supporting minutes of the December 16th meeting, have found that the proposed tower will *not* invade a recognized VFR flyway and will *not* create an unacceptable hazard to aviation traffic in the vicinity."

Subsequently, on a motion for rehearing, Mr. Olson, together with the other members of the commission, voted to deny a rehearing. There is no intimation in the record or the brief of counsel that Mr. Olson gave any weight to the economic factors.

Two of the members of the commission expressed some concern for the problems of the television industry, but even those two indicated, *supra,* that they believed the tower was not a hazard or disbelieved those who testified it was. The majority of the commission based its decision on the evidence that the proposed tower was not a hazard to air navigation.

The question, therefore, is whether the commission's decision is supported by substantial evidence. The question before the commission was the determination of whether the tower at that location was a hazard unacceptable to the aviation traffic. Upon reviewing the entire record, it appears that this conclusion is supported by such evidence. Substantial evidence in a case of this kind is evidence upon which reasonable minds could arrive at the same conclusion reached by the commission. *Ashwaubenon v. State Highway Comm.* (1962), 17 Wis. (2d) 120, 131, 115 N. W. (2d) 498.

The F.A.A., prior to the hearing in question, made a determination that the tower in question was not a hazard to air navigation. This report was submitted in evidence in the course of the hearing. Expert testimony, particularly that of Mr. Lowell Wright, a former employee of the Civil Aeronautics Administration, indicated that the tower would not constitute an unacceptable hazard to the safe operation of aircraft in the vicinity of La Crosse. Mr. Lappas, an aeronautical consultant, testified that the tower would not constitute an unacceptable hazard to IFR flying with necessary adjustments as prescribed by the F.A.A., nor would it constitute an unacceptable hazard to VFR flying. The proposal for the tower was also submitted to the La Crosse aviation board. It did not object to the erection of the tower at the proposed site, even though earlier proposed locations had been rejected.

There was expert testimony submitted by Mr. Wright to show that the height of a tower was not necessarily a significant factor in the incidence of aircraft collisions and evidence that during the past four years midair collisions between aircraft have occurred from between 17 to 20 times per year, while in the past twelve years there have only been 18 collisions with tall towers.

These are all factors upon which the commission may well have concluded that the tower did not constitute an unacceptable hazard to the safe operation of aircraft.

It is true that 21 aviators from other parts of the state objected to the erection of the tower, but it is equally significant that no local objections were made. The weight, however, of their testimony was for the commission, and it is not within the province of the court to review that determination.

There was also evidence to show that the proposed tower was just outside of the La Crosse airport control area. Under the rules promulgated by the F.A.A., anyone flying in the

area must fly at an elevation of 700 feet or more and must have visibility of at least three miles. Anyone flying in the area or in its immediate vicinity and having the visibility required would not be placed in greater hazard because of the height of the tower. Although the rules of the La Crosse control area do not completely eliminate all hazards, they are significant in reducing the hazards created by the tower, and this fact was properly considered by the commission.

It appears, therefore, that there was substantial evidence to show that this tower was not an unacceptable hazard to air navigation and that such evidence was more than a mere scintilla and was such that a reasonable mind could accept in arriving at the same conclusion as that reached by the commission.

The appellants have also contended that rejection of the recommendation of one of its members, the hearing officer, and one of its staff was improper. Sec. 114.135 (6), Stats., provides that:

"No person shall erect . . . any . . . tower or any other object the height of which exceeds the limitations set forth in sub. (7) without first filing an application and procuring a permit from the state aeronautics *commission.*" (Emphasis supplied.)

To accept the contention of the appellants would be a grave departure from the authority delegated to the commission by the legislature. The hearing officer acts only for the commission, and in this case was but one member of it. It is crystal clear from the very words of the statute that the authority delegated is not to a hearing officer or the staff. The authority is vested in the commission acting as a body. *Kavanaugh v. Wausau* (1904), 120 Wis. 611, 98 N. W. 550.

The appellants also contend that they were prejudiced in that Chairman Leonard, acting as a hearing officer, stated

that economic factors would not be considered and that the hearing would be confined to the aeronautical aspects of the tower application. There is no evidence, however, that any economic evidence was offered by the appellants, nor that it was excluded by the hearing officer.

Furthermore, the review of the record and of the decision of the commission makes it apparent that the decision of the commission is supported by substantial evidence relevant to whether the tower was an unacceptable hazard to air navigation, and there is no contention that the appellants were denied any right to submit evidence on this subject. On the contrary, their right to submit evidence and testimony on this controlling aspect of the commission's decision was unlimited.

Upon a review of the record, we conclude that the commission did not exceed its statutory authority in granting the permit. It is also presumed that orders and acts of administrative agencies are *prima facie* valid and must be shown to be otherwise by clear and satisfactory evidence. *Madison Bus Co. v. Public Service Comm.* (1953), 264 Wis. 12, 14, 58 N. W. (2d) 463; *Halsey, Stuart & Co. v. Public Service Comm.* (1933), 212 Wis. 184, 195, 248 N. W. 458.

The appellants have not successfully assumed the burden of showing that there was any irregularity or invalidity in the decision-making process of the commission. The decision of the commission is supported by substantial evidence of the nature which even the appellants concede is proper for the determination here in question, namely, whether the tower is an unacceptable hazard to air navigation.

*By the Court.*—Judgment affirmed.