Town of Pleasant Prairie and others, Appellants, v. Johnson, Director of Planning Function, Department of Resource Development, Respondent.

*January 9—February 3, 1967.*

For the appellants there was a brief by *Robert Mortensen*, and oral argument by *James C. Boll*, both of Madison.

For the respondent the cause was argued by *James D. Jeffries*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

GORDON, J. The problem posed by this appeal is a narrow one: We must decide whether the director's rejection of the town's proposal to incorporate as a village is either "unsupported by substantial evidence" or "arbitrary or capricious," which are standards set by the legislature in sec. 227.20 (1), Stats., to guide courts in reviewing appeals from the director's findings. The issues are primarily factual. Indeed, the appellants' brief does not cite a single case or other authority except the statutes and Black's Law Dictionary.

In *Scharping v. Johnson* (1966), 32 Wis. (2d) 383, 145 N. W. (2d) 691, we noted that the director's decision under sec. 66.016, Stats., is an exercise of a legislative function. See also *Hixon v. Public Service Comm.* (1966), 32 Wis. (2d) 608, 146 N. W. (2d) 577; *Ashwaubenon*

*v. State Highway Comm.* (1962), 17 Wis. (2d) 120, 115 N. W. (2d) 498. An arbitrary or capricious decision is one which is either so unreasonable as to be without a rational basis or the result of an unconsidered, wilful and irrational choice of conduct. *Olson v. Rothwell* (1965), 28 Wis. (2d) 233, 239, 137 N. W. (2d) 86. Substantial evidence in view of the entire record is evidence upon which reasonable minds could arrive at the same conclusion reached by the director. *Pire v. State Aeronautics Comm.* (1964), 25 Wis. (2d) 265, 270, 130 N. W. (2d) 812.

The director wrote a detailed analysis of the various requirements set forth in the statute in deciding whether the town's proposal should be dismissed or submitted to a referendum. The circuit court in reviewing that decision also filed a sound and thorough opinion.

Sec. 66.016 (1) (a), Stats., specifies a number of factors to be weighed in determining whether the territory of the proposed village is reasonably homogeneous and compact. The first factor relates to the natural boundaries of the area. The appellants object to the director's reliance on the irregularity of the boundary between the town and the city of Kenosha because such irregularity was partly caused by annexations which were previously approved by the director. We are sympathetic with this contention. If it is not arbitrariness for the director to find a lack of compactness because of a condition which in a sense he helped cause, it is at least a case in which the director is lifting himself by his own bootstraps.

However, there is ample other evidence to sustain the director's findings on homogeneity and compactness. The record supports his views regarding the natural drainage basin. The director found that the proposed area is divided by nature into two such basins and that this would require two separate sewer systems. One of the two systems, involving drainage into the Des

Plaines river, would "be a comparatively expensive undertaking because of the low flow rate of the river." The latter finding of the director has not been contradicted, and it supports the director's view that the natural drainage of this territory is not conducive to homogeneity.

With reference to transportation, the director made the following conclusion:

"The quality of the Town's transportation facilities does not add to its compactness or homogeneity, however. Instead, they facilitate the functioning of the area as a part of the City of Kenosha."

The appellants challenge this finding by pointing out that two of the three railroads in the vicinity completely bypass the city of Kenosha. The town also claims that the city is not the "hub of transportation." However, we are convinced from our review of the record that the director's finding with respect to transportation must be upheld.

Kenosha has an integrated school system which includes the town of Pleasant Prairie. The record supports the director's assertion as follows:

"While the existence of a uniform school system is a characteristic of homogeneity, that homogeneity is, in this case, with the City of Kenosha. From the standpoint of schools the Town, therefore, is not a homogeneous area."

The appellants have also challenged certain of the findings of the director regarding the statutory requirement as to "shopping and social customs." We do not believe that any useful purpose would be served by discussing these challenges except to note that here again the conclusions of the director are supported by substantial evidence in the record as a whole.

We conclude that under the standards of secs. 66.016 and 66.017, Stats., as interpreted in *Scharping v. Johnson,*

*supra,* the circuit court was correct in upholding the director's decision as being supported by substantial evidence and as not being arbitrary or capricious.

*By the Court.*—Judgment affirmed.